Brooks *v.* Bruyn.

before joinder in error, or, in case he has joined in error, should obtain leave to withdraw his joinder for that purpose.

3. AFFIDAVITS will not be received upon an application for a rehearing.

IN this case, upon a hearing at the last term, the judgment of the court below was reversed. At the present term the defendant in error filed his petition for a rehearing, and, among other grounds in support of his application, sets up an alleged diminution of the record, producing affidavits showing in what the diminution consists.

## BROOKS *v.* BRUYN.

(April Term, 1864.)

CONTINUANCE—*to amend the record.* When it appears that material evidence has been inadvertently omitted from the bill of exceptions, and that proper diligence has been used to supply the deficiency, an opportunity will be given the party to apply to the court below to amend the bill of exceptions, so that the whole case may be presented to this court.

APPEAL from the Circuit Court of Warren county.

---

This was an action of ejectment. It was agreed between the parties, that, on the trial in the Circuit Court, the defendant introduced in evidence, as a part of the chain of title under which he claimed, a certain deed, which is copied into the record, but inadvertently and by mistake omitted from the bill of exceptions; and that neither the defendant nor his attorney had knowledge of such omission until within the present week, during which this application is made.

Mr. W. C. GOUDY, for the appellee, moved the court to continue this cause, to give him an opportunity to apply to the court below to have the record corrected by inserting the omitted deed in the bill of exceptions.

Mr. A. G. KIRKPATRICK, for the appellant, resisted the motion, upon the ground that there was nothing to amend the record by, citing *Coughran* v. *Gutchens*, 18 Ill. 390. But said, rather than have the cause continued for the reason suggested, he would agree to admit the deed as a part of the bill of exceptions.

Per CURIAM: When it satisfactorily appears to the court that material evidence has been inadvertently omitted from the bill of exceptions, and that proper diligence has been used to supply the deficiency in the record, an opportunity will be given the party to apply to the court below to amend the bill of exceptions, so that the whole case may be presented to this court.

But the suggestion of the counsel for the appellant, that to avoid a continuance for the cause mentioned, he would agree to admit the omitted deed as a part of the bill of exceptions, if put in the form of a stipulation to that effect, will obviate the necessity of continuing the cause for the purpose indicated. A final disposition of the motion will not be made until the court shall be advised whether such a stipulation will be made.