THE PEOPLE *ex rel.* Parnell Munson

*v.*

JOSEPH E. GARY.

*Filed at Ottawa January 31, 1883.*

1. PRACTICE—*cause continued when motion for new trial is not decided.* Where a motion for a new trial is entered at the term the trial is had, and the court adjourns without disposing of the motion, under the statute the motion will stand continued until the next term.

2. BILL OF EXCEPTIONS—*when to be presented.* A party moving for a new trial is not bound to present a bill of exceptions containing the evidence, etc., on the trial, until a final judgment is rendered, and if the motion is not decided until the next term of court, a motion for such bill of exceptions on the day the motion is overruled, is in time. At the time the motion is overruled, and final judgment entered, the bill of exceptions must be presented for the signature of the judge, or an order must be obtained from the court extending the time to a future day.

3. Where a party does not present a bill of exceptions at the time a motion for a new trial is overruled, which is at a term subsequent to that of the trial, but procures an order of court extending the time, within which he prepares and presents a bill of exceptions, he will be in apt time.

4. SAME—*when the judge does not remember the evidence.* The fact that the judge trying the cause does not remember the evidence on the trial, will not justify him in refusing to sign a bill of exceptions presented to him in the time allowed. If the evidence was not reduced to writing, or preserved

by a short-hand reporter, and the judge fails to remember it, the witnesses who testified on the trial may be examined again by him, on a motion for a bill of exceptions, in regard to what they testified to on the trial, and in that or some other way he should determine the evidence to be incorporated in the bill of exceptions.

This was an application in this court for a peremptory writ of *mandamus,* to compel the respondent, Joseph E. Gary, one of the judges of the Superior Court of Cook county, to sign and seal a bill of exceptions tendered to him. The facts of the case are stated in the opinion of the court.

Mr. RANDALL H. WHITE, for the petitioner:

If the answer does not deny or confess and avoid all the material allegations of the petition, those not so denied or confessed and avoided must be taken as true. Greater certainty is required in the return,—now called answer,—than in a plea in bar, and every intendment is made against the answer, when it does not answer the important facts. *People* v. *Ohio Grove Town,* 51 Ill. 195; *People* v. *Kilduff,* 15 id. 502; *State* v. *McLean,* 9 Wis. 207; High on Extraordinary Remedies, sec. 492; Tapping on Mandamus, 349, 352, 370; Moses on Mandamus, 210.

Ordinary rules of pleading applicable in *mandamus: Silver* v. *People,* 45 Ill. 224.

If a bill of exceptions presented does not state the facts truly and fairly, it is the duty of the court to point out wherein it is incorrect, and to correct the same. *Seibright* v. *State,* 2 W. Va. 591.

If the judge can not remember the evidence, he may examine the witnesses as to what they testified to, and in this or some other mode determine the facts. *People* v. *Williams,* 91 Ill. 91; *People* v. *Jameson,* 40 id. 96; *Weatherford* v. *Wilson,* 2 Scam. 256.

As to the necessity and purpose of preserving the evidence in a bill of exceptions: *Bandruff* v. *Craig,* 14 Ill. 394; *Kinney*

v. *People,* 3 Scam. 357; *Rogers* v. *Hall,* id. 5; *McLaughlin* v. *Walsh,* id. 185; *Bowder* v. *Johnson,* Breese, 61.

Petitioner could not know he would need a bill of exceptions until the motion for a new trial was overruled. *Goodrich* v. *Cook,* 81 Ill. 41.

Where a party does all he can to have a bill of exceptions signed, he should not be prejudiced. *Underwood* v. *Hossack,* 40 Ill. 98.

The application for a bill of exceptions at the time the motion for a new trial was overruled, was in apt time. *Hearson et al.* v. *Graudine,* 87 Ill. 116.

Messrs. TENNEY, FLOWER & CRATTY, for the respondent:

A bill of exceptions should be signed and settled only at the term at which a cause was tried, or within such time as is provided for by order of court entered at the trial term. Rev. Stat. chap. 110, sec. 60; *Evans* v. *Fisher,* 5 Gilm. 453; *Dickhut* v. *Durrell,* 11 Ill. 72; *Hance* v. *Miller,* 21 id. 636; *Neece* v. *Haley,* 23 id. 416; *Hassinger* v. *Rye,* 10 Mo. 156; *Ruble* v. *Thomasson,* 20 Maine, 263; *Lathrop* v. *Page,* 26 Mo. 119; *Vandever* v. *Griffith,* 2 Metc. (Ky.) 425.

The motion to vacate the judgment, and for a new trial, entered by petitioner at the December term, did not operate to carry the case over to the next term, so as to give the court control over the judgment, and a right to settle a bill of exceptions at that term. In all the cases in this court where a motion to set aside a judgment has been acted upon at a term subsequent to that at which the judgment was entered, such motion has been expressly continued to that term. *Windett* v. *Hamilton,* 52 Ill. 180; *Toledo, Peoria and Warsaw Ry. Co.* v. *Eastburn,* 79 id. 140; *Combs* v. *Steele,* 80 id. 101; *Hibbard* v. *Mueller,* 86 id. 256; *Hearson* v. *Graudine,* 87 id. 115; *Dent* v. *Davison,* 52 id. 109.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a petition for *mandamus*, to compel Joseph E. Gary, one of the judges of the Superior Court of Cook county, to sign and seal a bill of exceptions in a certain cause which had been tried before him at the December term of court, 1879.

It appears from the record that the cause was tried in the absence of petitioner, who was defendant in the action, although he had a plea to the merits on file, and judgment was rendered against him for $803.32, December 17, 1879. On the 24th day of December following, and at the same term of court, petitioner, in open court, entered a motion to vacate the judgment, and for a new trial. This motion remained pending and undisposed of in the Superior Court at the end of the December term, and by operation of law stood continued to the next term of the court. It also appears that on account of the absence of Judge Gary from the Superior Court, holding the Criminal Court, in the month of January, the motion could not be disposed of before the 24th day of January, 1880, at which time the motion was, by direction of the judge, set for a hearing. On the day named, the judge not, however, being able to attend, by order of court the motion was continued until January 30, when the judge again being unable to attend, by order of court the motion was continued until February 2, 1880, when the parties appeared, the motion was heard and overruled, and petitioner then and there excepted to the decision and judgment of the court. It also appears that petitioner, at the time the motion was overruled, prayed an appeal, and obtained an order of court giving him twenty days within which to prepare and present a bill of exceptions, and within the time allowed, and on the 14th of February, a bill of exceptions, purporting to contain all the evidence heard on the trial of the cause, was presented to the judge, who declined to sign the same, and

then and there intimated to petitioner that he would not sign any bill of exceptions that contained the evidence given upon the trial. Petitioner then obtained an order of court extending the time twenty days, from the 14th day of February, to present a bill of exceptions. It also appears that within the time allowed, and on the 28th day of February, petitioner presented a bill of exceptions, which purported to contain the evidence heard on the trial, to the judge, and also produced the witnesses who had testified on the trial of the cause, and offered to prove by them what the evidence was on the trial of the cause; but the judge refused to hear such evidence, and refused to sign any bill of exceptions which purported to contain the evidence heard on the trial.

The grounds of the refusal to sign a bill of exceptions are set out in the answer of respondent, substantially as follows: "That when said relator presented for the first time a bill of exceptions for settlement and signature by this respondent in the said case of Charles B. Farwell and others against said relator, and on or about the 14th day of February, 1880, respondent did not then remember what evidence was given upon the trial of said cause; that he took no notes or memoranda of such evidence, nor was any stenographic or other report thereof taken, so far as respondent is informed, and that no statement or memorandum thereof, claimed or purporting to have been taken at the trial of said cause, has ever been presented to respondent, or in any way brought to his notice; that at the time respondent, as one of the judges of the Superior Court of Cook county, overruled and denied the motion made by relator for a new trial in the said case of Farwell and others against him, this respondent had no distinct recollection as to what evidence was given upon the trial of said cause, and was unable to remember the same so as to predicate any judicial action whatsoever thereon; that said cause had been tried *ex parte* more than two months prior to that time, and being undefended did not impress

itself upon the memory of this respondent as a contested case
would have done, and that respondent then believed, and now
believes, that he had no authority to determine, either upon
affidavit or by oral examination of witnesses, what the evi-
dence was upon said trial; that this respondent never doubted
or denied the right of relator to a bill of exceptions containing
a true recital of all that occurred upon the hearing of the
motion the denial of which was the subject of exception, but
then was, and still is, of opinion that the method of present-
ing the evidence, or relator's version thereof, upon the hearing
of such motion, should have been, as heretofore indicated by
this honorable court on several occasions, and particularly in
the case of *Motsinger* v. *Coleman,* (or *Wolf,*) reported in the
16th volume of Illinois Reports, at page 71 thereof, and that
therefore this respondent refused to settle and sign a bill of
exceptions in said cause containing what was claimed by
relator to be a statement of the evidence given upon said
trial, and to certify in said bill that such statement embraced
all the evidence given on said trial, unless the parties to said
cause would agree that the same was a correct statement of
all such evidence."

Was the application of petitioner for a bill of exceptions
on February 2, 1880, made in apt time, or was he bound to
present the bill of exceptions to the judge at the December
term, when the cause was tried?

It will be observed that petitioner entered a motion for a
new trial at the term of court the cause was tried. The court
adjourned without disposing of the motion, and under sec-
tion 38, chapter 37, Rev. Stat. 1874, the motion stood con-
tinued until the next term of court, when, by order of court,
the motion was continued until February 2, 1880, and then
heard and overruled. The petitioner was not bound to pre-
sent a bill of exceptions until such time as a final judgment
should be rendered in the cause, and as the legal effect of
the motion for a new trial, when regularly continued, was to

stay final judgment until the motion was overruled, as held in *Hearson* v. *Graudinc*, 87 Ill. 115, it seems plain that petitioner's motion for a bill of exceptions on the 2d day of February, 1880, was made at the proper time. As we understand the practice, at the time the motion for a new trial was overruled and the judgment became final, petitioner was then required, if he desired a bill of exceptions signed, to present it to the court for the signature of the judge, or obtain an order of court extending the time to a future day. *Evans* v. *Fisher*, 5 Gilm. 453; *Hance* v. *Miller*, 21 Ill. 636; *The People* v. *Williams*, 91 id. 87.

In the *Evans case*, cited above, it is said: "A bill of exceptions should be reduced to form, and signed during the term in which the cause is tried, except in cases where counsel consent, or the judge, by an entry on the record, directs that it may be prepared in vacation, and signed *nunc pro tunc*." Of course, what is meant by the expression, "the term in which the cause is tried," is the term at which the final judgment is rendered in the cause. It would be useless labor for a party to prepare a bill of exceptions before the motion for a new trial had been passed upon, as it could not be known whether the bill would be needed until the final action of the court on the motion. Here petitioner did not present a bill of exceptions at the time the motion for a new trial was overruled, but he procured an order extending the time, and within the time prescribed by the court a bill of exceptions was prepared, and presented to the judge for his signature. This was, in our judgment, in apt time. Indeed, respondent does not, in his answer, claim that petitioner lost his right to have a bill of exceptions signed by a failure to present one in apt time, but, as we understand the answer, he claims that he did not remember what the evidence introduced on the trial of the cause was, and that he did not believe he had the authority to determine, by affidavit or by an oral examination of witnesses, what the evidence was on the trial. It is doubt-

less true, that where a judge tries as many cases as the judges of the Superior Court do, it is difficult for one of them to remember the evidence introduced on the trial two months before, unless there was something about the case to attract particular attention; but still, this fact forms no good reason why a party should be denied the right of appeal or writ of error, which might be the result if a bill of exceptions could not be obtained, as many cases can not be properly presented on appeal or writ of error without a bill of exceptions. If the evidence introduced on the trial was not reduced to writing, or preserved by the notes of a short-hand reporter, and the judge did not remember the evidence, and the witnesses who had been sworn on the trial were brought before the court on the motion for a bill of exceptions, as was held in *The People* v. *Williams, supra,* he might have examined them again in regard to what they had testified to on trial, and in that or some other mode determined the evidence to be incorporated in the bill of exceptions.

From the facts appearing in this record we are satisfied that petitioner is entitled to a bill of exceptions, to be signed by respondent, which shall contain the evidence heard on the trial, and such other proceedings in the cause as do not appear of record.

The peremptory writ of *mandamus* is granted.

*Mandamus granted.*

Mr. Justice Walker: I am unable to concur in the conclusion announced in this case.