JOHN J. MITCHELL

v.

NORTHWESTERN MANUFACTURING AND CAR COMPANY

ET AL.

26     295
e111   1580!

*Garnishment—Admission of Indebtedness—Bill of Interpleader—Injunction—Assessment of Damages—Reversal of Decree.*

1.  Where a garnishee has incurred liability by answering the process, admitting indebtedness to the judgment debtor, he can not maintain a bill of interpleader, although he has incurred liability under a mistake.

2.  In the case presented this court reverses the decree allowing damages upon the dissolution of an injunction, because the record fails to show the evidence upon which the damages were assessed and there is no such finding of facts in the decree as would dispense with the necessity of preserving the evidence.

[Opinion filed November 18, 1887.]

APPEAL from the Circuit Court of McLean County; the Hon. O. T. REEVES, Judge, presiding.

Messrs. TIPTON & BEAVER, for appellant.

Mr. A. E. DeMANGE, for appellee.

WALL, J.    This was a bill in chancery to compel the defendants to interplead with reference to the debt in question. The complainant alleged that he, bought a belt from one Grover for $45, which sum he agreed to pay to said Grover, who was in possession, and apparently the owner of the article; that subsequently complainant was garnisheed by the Nelson Manufacturing Company, and he, supposing Grover was the true claimant, answered that he was so indebted, and judgment was entered against him by the Justice of the Peace, who issued the garnishee process. Still later, and after the time for taking an appeal had passed, complainant was notified by the N. W. Manufacturing Company that Grover was merely its agent

in the sale of the belt, and that it would insist upon receiving the price thereof, and threatened to bring suit against him for the same. An injunction was obtained on this bill, restraining the Nelson Manufacturing Company from collecting its judgment.

The Circuit Court sustained a motion to dissolve the injunction for want of equity on the face of the bill, and allowed the last named company $25 as damages upon a suggestion thereof.

The bill shows that complainant had incurred liability to the Nelson Manufacturing Company, by answering the process admitting indebtedness to Grover, and suffering judgment. According to the rule applicable, he can not maintain a bill of interpleader, even though he may have so incurred liability under a mistake. He does not stand indifferent between the parties since one of them has a valid legal demand against him at all events. Pomeroy's Eq. Jur., Sec. 1326.

It may well be questioned also, whether, upon the facts as stated, the second claimant has such a demand as it could enforce against the complainant. The Circuit Court properly held the bill should be dismissed for want of equity.

The record fails to show the evidence upon which the damages were assessed, nor is there any such finding of facts in the decree as would dispense with the necessity of preserving the evidence. For this reason the decree must be reversed, and the cause remanded. The cost of this appeal will be equally divided.

*Reversed and remanded.*