THE PEOPLE *ex rel.* Daniel C. Hubbard

*v.*

ELLIOTT ANTHONY.

*Filed at Ottawa June 15, 1889.*

1. BILL OF EXCEPTIONS — *settling the bill — as a judicial act.* The signing and sealing of a bill of exceptions is both a ministerial and a judicial act. The determination of what it shall contain is judicial in its nature. The judge may, in the first instance, resort to all available means to determine the facts and to secure accuracy in making up the record.

2. SAME—*amendment at a subsequent term.* Where a bill of exceptions, by mistake or through inadvertence, fails to present matters material to the cause as they transpire on the trial, the party making the same will have the right, in a proper case, to have an amended bill signed and sealed by the same judge presiding at a subsequent term of the same court in which the cause was tried, upon proper notice to the adverse party.

3. The power of the court to amend its record, in other respects, at a term subsequent to that at which the record was made, upon the parties in interest being again brought into court by the service of proper notice, and saving rights that may have intervened, has frequently been upheld.

4. SAME—*memoranda to amend by.* Where a bill of exceptions is once signed and sealed by the court and filed in the time required, it becomes a part of the record of the court, and if it is sought to amend or alter the same at a subsequent term, there must be some minute of the judge or memorandum of the court by which to make the proposed amendment or change.

5. On the trial of a cause by the court, without a jury, judgment was entered for the plaintiff, and the defendant, in the time fixed, prepared his bill of exceptions, in which appeared many exceptions, but none to the finding or judgment of the court or to the overruling of a motion for a new trial, which was duly signed, sealed and filed. The judgment entered by the clerk showed the entry of a motion for a new trial and an order refusing the same, and then proceeds, "whereupon the defendant, having entered his exceptions herein, prays an appeal," etc.: *Held,* that if such entry could be looked to, it was too indefinite to justify the court in amending the bill, as it failed to show to what the exceptions applied.

6. SAME—*mandamus—to compel the signing of a bill of exceptions.* Mandamus will lie to compel a judge to sign and seal a bill of exceptions in a cause tried before him, but he must at last determine the accuracy of the bill which he verifies.

7. But when a judge has once signed and sealed a bill of exceptions, and he is sought to be compelled to sign an amended one at a subsequent term, and he states, in answer to a petition for *mandamus,* that he is unable to determine, from his notes or other momoranda, or from other sources of information, that exceptions were in fact taken on the trial, as set forth in the amended bill tendered, this court is without power to coerce his conscience, and compel him to sign and seal the same.

8. MANDAMUS—*as to matters of discretion.* The rule is uniform, that whenever discretionary power, or the exercise of judicial discretion, is vested in an officer, and he has exercised that discretion, superior courts will not interpose to coerce and control its exercise.

APPEAL from the Appellate Court for the First District.

Mr. FRANKLIN P. SIMONS, for the appellant:

Greater certainty is required in the answer of respondent than in a plea in bar, and every intendment is made against the answer. *People* v. *Kilduff,* 15 Ill. 502; High on Ex. Leg. Rem. sec. 492.

We contend that it was the duty of respondent, as a judge, if he had no personal recollection or memoranda, to ascertain, either by examination of witnesses or by the affidavits presented, what the exceptions were, as having been entered by the defendant. *People* v. *Williams,* 91 Ill. 91; *People* v. *Gary,* 105 id. 264.

It seems to be settled that an amendment of a bill of exceptions will be allowed at a term subsequent to that at which the trial was had, upon due notice, if there is something in the record to amend by. *Coughran* v. *Gutcheus,* 18 Ill. 390; *Brooks* v. *Bruyn,* 40 id. 64; *Wallahan* v. *People,* 40 id. 104; *Church* v. *English,* 81 id. 442; *Goodrich* v. *City of Minonk,* 62 id. 121; *Newman* v. *Ravenscroft,* 67 id. 496; *Heinsen* v. *Lamb,* 117 id. 553.

Mr. CHIEF JUSTICE SHOPE delivered the opinion of the Court:

This was a petition for *mandamus,* presented in the Appellate Court for the First District, to compel respondent, Anthony, who is one of the judges of the Superior Court of Cook county, to sign an amended bill of exceptions in the case of *McCormick et al.* v. *Hubbard et al.,* tried in the Superior Court before said judge, without a jury. The trial of that cause resulted in a finding and judgment for plaintiffs. An appeal was prayed to the Appellate Court by Hubbard, defendant, and allowed upon the terms fixed in the order of the Superior Court, which order extended the time in which to file a bond and bill of exceptions thirty days from the entry thereof. Within the

time so fixed, an appeal bond was filed and a bill of exceptions presented by the relator, Hubbard, which was duly signed and sealed by the judge, and filed. After the term at which the cause was tried, and the time limited by the order of court for filing the bill of exceptions had expired, it was discovered that the bill of exceptions, as signed, contained no exception by the defendants to the finding of the court, the overruling of the motion for a new trial, or judgment. Upon notice to the adverse party, the defendant, Hubbard, at a subsequent term, appeared in the Superior Court, Judge ANTHONY presiding, and presented an amended bill, showing such exceptions, duly made at the trial of the cause, and asked that the same be then signed and sealed by the judge, which was refused. The Appellate Court denied the writ of *mandamus*, and this appeal is prosecuted from that order.

Where the bill of exceptions filed, by mistake or through inadvertence, fails to fairly present matters material to the cause, as they transpired on the trial, the right, in proper cases, to have an amended bill of exceptions signed and sealed by the same judge, presiding at a subsequent term of the same court in which the cause was tried, upon proper notice to the adverse party, has received repeated recognition by this court, (*Brooks* v. *Bruyn*, 40 Ill. 64, *Wallahan* v. *The People*, id. 104, *Goodrich* v. *City of Minonk*, 62 id. 121, *Newman* v. *Ravenscroft*, 67 id. 496,) and was expressly sanctioned in the case of *Heinsen* v. *Lamb*, 117 Ill. 553. The power of the court to amend its record, in other respects, at a term subsequent to that at which the record was made, upon the parties in interest being again brought into court by the service of proper notice, and saving rights that may have intervened, has frequently been upheld. (*Church et al.* v. *English*, 81 Ill. 442; *Cook* v. *Wood*, 24 id. 295; *McCormick* v. *Wheeler*, 36 id. 114.) That the application was here made without unnecessary delay, and upon proper notice to the adverse party, accompanied by a copy of the amendment proposed, and that the application

was in other respects sufficient, is not questioned; and the matter proposed to be incorporated into the record was necessary and material to the presentation of respondent's case on appeal or writ of error.    *Fireman's Ins. Co.* v. *Peck*, 126 Ill. 493.

It would seem that appellant (relator) adopted the correct practice in his application for an amended bill of exceptions. It is not claimed that there was any memoranda, note or other matter remaining on file or of record, or in possession of the judge, made by him, from which it could be determined that exception had been taken, as stated in the amended bill of exceptions presented by the relator.   However, the judgment entered by the clerk, after showing the waiving of a jury, etc., and the finding for plaintiff, etc., recites the entry of a motion for a new trial, the order overruling the same, and the formal entry of judgment, and then proceeds, "whereupon the defendant, Daniel C. Hubbard, having entered his exceptions herein, prays an appeal," etc.   It does not appear when the judgment was in fact written up by the clerk, or that it was made from any memoranda to which the court could properly refer in the matter of the correction applied for.

We have repeatedly held that amendments to the record should not be allowed after the close of the term of court at which it was properly made, unless there are some memoranda, minute or note of the judge, or something appearing on the record or files, to amend by. (Authorities, *supra*.)  If, however, it be held that the language quoted from the entry by the clerk, "whereupon the defendant, Daniel C. Hubbard, having entered his exceptions herein," is such a memorandum appearing on the records of the court as contemplated, it is apparent that such memorandum is indefinite, and does not necessarily show that exception was taken to the finding of the court, the overruling of the motion for a new trial, or the judgment itself, or either of them.   As we shall see hereafter, such memorandum was referred to by the judge upon the applica-

tion for the amended bill of exceptions, and it was found by him not to be a memorandum from which he could determine the correctness of the amended bill of exceptions.

The signing and sealing of a bill of exceptions by the trial judge is both a ministerial and judicial act. The determination of what it shall contain is necessarily judicial in its character. (*Hoke* v. *Strubel*, 121 Ill. 321.) The judge must determine judicially, in the first instance, what the bill of exceptions shall contain, that it may truly and fairly present the facts and rulings occurring on the trial of the cause; and may, in the first instance, resort to all available means to determine the facts, and to secure accuracy in making up the record. *The People* v. *Williams*, 91 Ill. 91; *The People* v. *Gary*, 105 id. 264.

It is well settled that *mandamus* will lie to compel a judge to sign and seal a bill of exceptions in a cause tried before him; but he must at last determine the accuracy of the bill which he verifies. (*Ex parte Bradstreet*, 4 Peters, 102; *Marburg* v. *Madison*, 1 Cranch, 127; *The People* v. *Pearson*, 2 Scam. 189, and cases *supra; Hawes* v. *The People ex rel. Pulver, ante,* p. 123.) However, what was here sought to be done was not to procure the signing and sealing of a bill of exceptions in the first instance, but it was to amend and alter a record already made up and complete.

The answer of Judge Anthony to the petition for *mandamus* shows, as the petition does, the presentation, signing and sealing of the original bill of exceptions, as presented by the relator, without alteration. Upon its being filed, it became part of the record of the cause, and changes and alterations in it, thereafter made or to be made, rested, not upon the principles controlling the signing of bills of exception in apt time in the first instance, but was controlled by the same rules and principles that relate to the alteration of any other part of the record in a cause. *Heinsen* v. *Lamb, supra.*

In respect of the recitals in a judgment as entered up by the clerk, before referred to, the answer of the judge is full and explicit to the point, that a reference thereto gave him no aid in determining whether exceptions were taken to the rulings of the court, as alleged by the relator. It is to be remarked, that in the original bill of exceptions numerous exceptions are noticed, and, whether the recital refers to such exceptions or to others made and not noted, the judge returns, in substance, he is unable to determine. By the amended answer of respondent it is alleged, that the original bill of exceptions, as signed·and sealed by him, "fully and fairly states all of the facts attending, and all exceptions taken at said trial, to the best of the knowledge, information and remembrance" of respondent. Whatever may have been the reasons stated, at the time of the application, for his refusal to sign and seal the amended bill of exceptions, it clearly appears that respondent now places such refusal, whether correctly or incorrectly, upon the ground that he is unable to determine, from his notes or other memoranda, or from other sources of information, that exceptions were in fact taken at the trial, as set forth in the amended bill of exceptions, and alleged by the relator.

It appears that the affidavits in support of the motion of relator were considered, the records and files examined by respondent, and he solemnly returns that he was and is unable to determine affirmatively, as he must, that such exceptions were taken. Although the rule applicable to the amendment of the record applies to amendments to be made to bills of exceptions at a term subsequent to the making of the record, yet the judge who is called upon to verify the fact must determine, as a judicial matter, the correctness of the proposed amendment. If he was unable to verify the truth of the matter contained in the amended bill of exceptions, upon due consideration of the facts presented, this court is without power to coerce his conscience and compel him to perform that judicial act. It is

true there is much evidence in this record, by way of affidavits filed with and in support of the petition, strongly tending to show that the exceptions were in fact entered, as alleged by relator; but if it be conceded that these affidavits may be considered, it is not competent for the Appellate Court, or for this court, to try the question of fact, and determine for the trial judge matters that are left to his legal discretion and judgment. The presumption is, that the judge, acting under the solemnity of his oath, will honestly and faithfully perform the duties of his high office; and where, as here, after having heard and considered the matter, he returns that the original bill of exceptions fully and fairly states all of the facts attending, and all exceptions taken at the trial, the Appellate Court and this court are powerless to compel him to sign and seal another bill of exceptions, containing a different state of facts, and to which the trial judge, acting upon his judicial conscience, was unable to assent. As before said, the rule is uniform, that wherever discretionary power, or the exercise of judicial discretion, is vested in an officer, and he has exercised that discretion, superior courts will not interpose to coerce and control its exercise. *Wilson* v. *City of Albany*, 12 Johns. 414, and *supra.*

In our judgment, the Appellate Court properly denied the writ of *mandamus*, and its judgment will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE BAILEY, having heard this cause in the Appellate Court, took no part in its decision here.