## Statement of the Case.

Complaint by the City of Chicago against Edith Murray, charging the defendant with keeping a house of ill fame or assignation in violation of section 2014, of the Municipal Code of Chicago. To reverse a judgment finding defendant guilty, *defendant* prosecutes a writ of error.

L. J. HAIGLER, for plaintiff in error.

WILLIAM H. SEXTON and JAMES S. McINERNEY, for defendant in error; ALBERT J. W. APPELL, of counsel.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

## Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 36*—*proof of venue of offense.* The Municipal Court Act limits the jurisdiction of the Municipal Court of the City of Chicago to offenses committed within the corporate limits of the City, and the evidence must show that the offense of violating an ordinance of the City was committed within the corporate limits in order to confer jurisdiction.

2. DISORDERLY HOUSE, § 2*—*when proof insufficient to sustain conviction for maintaining house of ill fame.* On complaint in the Municipal Court charging the defendant with maintaining a house of ill fame in violation of an ordinance, *held* that a judgment finding defendant guilty could not be sustained, where there was no proof that the offense was committed within the corporate limits of the City.

---

## Mary Kaszmierczak, Defendant in Error, v. Tony Jamrosz, Plaintiff in Error.

### Gen. No. 19,142.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. FREDERICK L. FAKE, JR., Judge, presiding. Heard in the Branch Appellate Court

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

at the March term, 1913.  Reversed.  Opinion filed March 10, 1914. Rehearing denied March 24, 1914.

### Statement of the Case.

Action in attachment by Mary Kaszmierczak against Tony Jamrosz.  From a judgment for plaintiff, defendant brings error.

Albert L. Hopkins, for plaintiff in error.

Frank Foster, for defendant in error.

Mr. Presiding Justice Smith delivered the opinion of the court.

### Abstract of the Decision.

Attachment, § 265*—*when judgment will be reversed.*  Where the record contains no proof to sustain the issues in attachment, a judgment in favor of plaintiff will be reversed.

---

## Matej Cigler, Plaintiff in Error, v. Mary Keinath et al., Defendants in Error.

### Gen. No. 19,155.

Appeal and error, § 1856*—*when surety liable for rents and profits pending appeal from order for writ of assistance.*  Bond on appeal from order granting a writ of assistance construed as rendering the surety liable for the rental value of the premises during the pendency of the appeal, court costs on appeal and the sheriff's fees for the execution of an *alias* writ of assistance after the affirmance on appeal, but not as including the amount spent for the printing of briefs nor for attorney's fees on appeal.

Error to the Municipal Court of Chicago; the Hon. Harry P. Dolan, Judge, presiding.  Heard in the Branch Appellate Court at the March term, 1913.  Reversed and judgment here.  Opinion filed March 10, 1914.

---

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.