(No. 26123.—

THE PEOPLE *ex rel.* Charles Simus, Relator, *vs.* FRANK E. DONOGHUE, Judge, Respondent.

*Opinion filed June 17, 1941.*

CHARLES LIEBMAN, and MORRIS H. SACHS, for relator.

DAVID SILBERT, for respondent.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is an original proceeding for *mandamus* filed by leave of the court. Relator asks for a writ of *mandamus* against the respondent to compel the respondent to settle, sign, seal and certify and order filed, a report of proceedings tendered to respondent by relator as of October 17, 1940.

The petition alleges that on October 17, 1940, relator tendered to respondent a certain report of proceedings and requested respondent to settle, sign, seal, certify and order the same filed. A copy of the report of proceedings tendered is attached to the petition. It is alleged in the petition that the report of proceedings tendered to respondent, and which he was requested to settle and certify, was a true and correct report of proceedings in said cause. The answer of respondent admits that relator tendered what he claimed to be a report of proceedings in the trial of said cause. The answer denies that the purported report of proceedings presented to him by relator, is a true, correct and complete report of the proceedings in said trial, and further alleges that said report tendered was untrue, incorrect and incomplete. That when the same was presented to respondent he advised the attorneys for relator that it was incorrect and that he would not approve it as a re-

port of proceedings in said trial and that respondent endorsed upon said report the fact that it was not a true and accurate statement of the facts in the cause.

Respondent, by his answer, further alleged that he had prepared a true, correct and complete report of the proceedings had upon the trial of said cause and had signed, sealed and certified the same as being true, correct and complete. That said report of proceedings was, on March 7, 1941, by him ordered filed and is now on file with the clerk of the municipal court of Chicago, in said cause. To this answer, relator filed a motion to strike the answer and an alternative motion for leave to reply, in case the motion to strike was not allowed. A reply was tendered with this motion. The motion to strike the answer was, by this court, treated as a demurrer and the issues were closed. The cause has been submitted upon the petition, the answer of respondent, and relator's motion to strike the answer. The alternative motion of relator for leave to reply to the answer of respondent was not considered by the court. In this state of the record the facts alleged in the answer must be taken as true. The motion of relator to strike the answer is treated as a demurrer which raises an issue of law as to the sufficiency of the facts alleged in the answer, to constitute a defense.

In this case we are confronted with a novel situation in that we are asked to issue a writ of *mandamus* to compel a judge of the municipal court to sign a report of the proceedings in the trial of a cause, in said court, which the trial judge refused to sign because he found that it was not a correct report. We are without jurisdiction to issue a writ of *mandamus* to compel a judge of any court to sign a particular report of proceedings. If the trial judge refuses to sign any report of proceedings at all, this court, by *mandamus,* may direct him to do so. What the report of proceedings contains, however, is a matter wholly

committed to the judge of the court in which the case is tried.

The signing and sealing of a bill of exceptions, or report of proceedings, by the trial judge, is both a ministerial and judicial act. The determination of what it shall contain is necessarily judicial in its character, (*Hake* v. *Strubel*, 121 Ill. 321,) but the judge must determine, in the first instance, what the report shall contain in order that it may truly and fairly present the facts and rulings on the trial of the case, and may, in the first instance, resort to all available means to determine the facts and to secure accuracy in making up the record. *People* v. *Gary*, 105 Ill. 264; *People* v. *Williams*, 91 id. 87.

It is well settled that *mandamus* will lie to compel a judge to sign and seal a report of proceedings in a cause tried before him, but he must, in all cases, determine the accuracy of the report which he verifies.

It is not competent for this court to try the question of fact and determine for the trial judge matters that are left to his legal discretion and judgment. The presumption is that the trial judge, acting under the solemnity of his oath, will honestly and faithfully perform the duties of his office. And where, as here, after having heard and considered the matter, he asserts that the report of proceedings which he has signed and certified, is a full and fair report of the proceedings had and taken in the trial, this court is powerless to compel him to sign and seal another report of proceedings containing a different state of facts, and to which the trial judge, in the exercise of his judicial functions, was unable to assent. *People* v. *Anthony*, 129 Ill. 218.

In *People* v. *Williams*, *supra*, we said that it is for the judge before whom the case was tried to determine the accuracy of the matters and things to be incorporated in a bill of exceptions, or certificate of evidence, and that he

must sign such a one as he believes to be correct and none other.

Obviously, relator has misconceived the jurisdiction of this court to award *mandamus*. The jurisdiction of this court in a case of this kind is limited to the awarding of a writ commanding the respondent to settle, sign and certify a correct report of proceedings in a case tried before him. The answer of respondent in this case avers that he has fully performed that duty. The motion of relator to strike that answer admits this fact to be true. In such case there is nothing this court can do. The writ of *mandamus* is denied.

*Writ denied.*