David Feldman, d/b/a David Realty Company, Appellant, v. Thomas Munizzo and Rene Munizzo, Appellees.
State of Illinois ex rel. David Feldman, d/b/a David Realty Company, Petitioner, v. Joseph B. Hermes, Judge by Designation of the Municipal Court of Chicago, Respondent.

Gen. No. 47,298.

First District, First Division.
December 23, 1957.
Released for publication February 10, 1958.

No briefs filed.

PER CURIAM.

David Feldman petitions for a writ of mandamus in aid of the jurisdiction of this court to compel respondent to settle, sign, seal and certify a report of proceedings tendered to him by petitioner on June 13, 1957, in the case of Feldman v. Munizzo.

The petition alleges that on May 9, 1957, a trial was had in the Municipal Court without a jury in the case of David Feldman, doing business as David Realty Company, plaintiff, v. Thomas Munizzo and Rene Munizzo, defendants, which resulted in respondent's finding for defendants. On May 31, 1957, petitioner filed a motion to vacate the judgment and enter judgment for the plaintiff, or in the alternative, to grant a new trial. This motion was denied. Respondent set an appeal bond in the sum of $100.

Thereafter, on June 13, 1957, petitioner tendered to respondent for the approval of respondent what petitioner describes in his petition as a "Transcript of Report of Proceedings taken from notes and memoranda at the trial of the cause." This purported transcript covers the testimony of five witnesses. The testimony of the first witness, David Feldman, is shown by questions and answers. At the conclusion of the

direct examination there follows the statement: "Then following [sic] a series of questions on cross-examination which did not bring out anything since the witness did not have much knowledge of the transaction." No effort was made by counsel to report this cross-examination. The testimony of the next witness, Jerome J. Feldman, is shown by questions and answers, covering five pages, after which the witness was turned over for cross-examination, and the questions and answers on cross-examination were likewise given. This covers approximately half a page. The third witness, Louis Kroll, was questioned. But here the testimony was presented mainly by a recital with a short series of questions and answers on cross-examination. Following this, Jerome Feldman was recalled for some questions, and then witnesses for defendants were presented. The testimony for defendants, shown in two short examinations, direct and cross, concluded the case. Then follows on May 8, 1957, a statement that Horwitz, attorney for plaintiff, produced evidence proving that plaintiff David Feldman was licensed as a real estate broker by the city of Chicago and the state of Illinois for the year 1956 and that Jerome J. Feldman was licensed by the city of Chicago and the state of Illinois for the year 1956.

Attached to the report of proceedings were certain exhibits, described as follows: "Exhibits to be submitted from 1 to 8 inclusive, and to be ordered incorporated into the common law record." These are obviously exhibits which are important to the disposition of the case, but nowhere does it appear in the report of proceedings that they were offered in evidence nor that there was any ruling of the court with respect thereto, of which the petitioner complains.

Upon the submission of the report, attorneys for defendants, according to their averments, appeared be-

fore the respondent and argued that the purported report of proceedings was inaccurate, incomplete and misleading, did not set forth all the direct and cross-examination of the various witnesses, did not contain all the rulings of the court, and that certain exhibits attached thereto were not the exhibits which had been offered in the trial of the case. However, they did not elaborate on any of these general statements.

The answer filed by respondent states that he refused to sign or approve the purported proceedings because the report submitted to him by counsel for petitioner did not set out all the testimony of the witnesses for plaintiff, the cross-examination of the witnesses, the testimony of the witnesses for the defendants, and the cross-examination of the witnesses. He further states that in the absence of consent by counsel for defendants, he could not in good conscience approve a report of proceedings which in his judgment was incomplete, biased and inaccurate. He further states that the trial notes taken by him were limited and sparse and that it is difficult for a judge who hears hundreds of cases during the year to recall the facts of a specific case without a court reporter's transcript of the evidence, and that to require him to so certify would place the judges of the Municipal Court at the mercy of every litigant as to what took place at a trial.

Respondent contends that because petitioner failed to file a full and complete report of proceedings he should not be required to sign the same. He cites in support of this position People ex rel. Lizzie Brignall, Adm'x v. John C. Lewe, 383 Ill. 549. People v. Lewe is clearly not in point. The cause had been partially heard before a master in chancery who died. The chancellor re-referred the case to another master for hearing and the petitioner sought to compel the chancellor to hear the cause without further reference. The Supreme Court held that mandamus would not lie.

61

In People ex rel. Simus v. Donoghue, 377 Ill. 122, the respondent judge, in his answer, alleged that he had prepared a true, correct and complete report of the proceedings had upon the trial, had signed, sealed and certified the same and that it had been filed with the clerk of the Municipal Court. The petitioner presented a different report of proceeding, which the judge refused to sign. He then sought mandamus to compel the judge to sign the same. The court held that no mandamus could issue to require a court to sign a particular bill of exceptions or report of proceedings. If the court declared himself as against signing any report of proceedings, a mandamus would issue to require him to hear and determine what the report of proceedings or bill of exceptions should contain. The court in that case refused to issue the writ. The petition in the instant case prays, as in the case of People ex rel. Simus v. Donoghue, supra, that the court be required to approve and certify a particular report of proceedings, as above described, or in the alternative, to approve the verified statement of pertinent facts tendered to the court June 26, 1957. This is precisely what the court refused to do in the Donoghue case.

In the case of People ex rel. Munson v. Gary, 105 Ill. 264 (1883), cited in the Donoghue case, no court reporter was present at the trial. The petitioner submitted to the court a transcript of the record which purported to contain the evidence introduced at the trial. The judge refused to sign it and in his answer to the petition alleged that he (the respondent judge) did not remember what evidence was given on the trial; that he had no notes or memoranda, nor was there a stenographic report taken, and that he had no distinct recollection as to the evidence upon which he could predicate any judicial action whatsoever. At the time the motion was heard before the trial court, the petitioner presented to the court a bill of exceptions pur-

porting to contain all the evidence on the trial, produced the witnesses who had testified, and offered to prove by them what the evidence was on the trial of the cause. The court refused to hear such evidence and refused to sign the bill of exceptions and intimated to the petitioner he would not sign any bill of exceptions containing the evidence upon the trial. The court ordered a writ of mandamus to issue.

■ There must be some limitation on the demand which may be made of a trial judge for the certification of a report of proceedings. The proper rule to be deduced from the cases is that a judge may not say that because of a lack of memoranda or pressure of business he will refuse to sign any report of proceedings, nor may he refuse to sign a report of proceedings because some items of evidence are in dispute. In the latter case proof may be submitted as to what actually occurred. But it must appear in the first instance that the report of proceedings presented by a party purports to be and represents a bona fide effort to render a genuine and literal account of what occurred before the court on the trial of the case. It is in this light that we should examine the so-called "Transcript of Report of Proceedings taken from notes and memoranda at the trial of the cause."

■■ In addition to the defects and extraordinary character of portions of the report of proceedings in the instant case there are the so-called exhibits which do not appear to have been offered in evidence. If any of the rulings of the court thereon are complained of they should be shown in the report of proceedings. A lawyer may not use his own judgment, as was done in the instant case, and say that a series of questions on cross-examination did not bring out anything and hence omit them from the report. No offer was made by petitioner here to substantiate the matters contained in the report. He had the laboring oar, and if there

63

appeared to be a contest over portions of the evidence and he had so moved, the court should have held a hearing on the matter, and if he had asked to have witnesses brought in on particular points, the court should have heard their testimony. If, however, as appears in this case, counsel omitted large portions of the proceedings which are necessary for a solution of the issues involved, the court cannot be expected on its own motion to reconstruct the record or to retry the case because no stenographer was present. That would be too easy a way to get a new trial.

■ Following the submission of the report of proceedings and apparently the refusal of the court to certify the report as presented, plaintiff presented what is called a "Statement of Pertinent Facts in lieu of Report of Proceedings." In a short document, plaintiff there undertakes to summarize the testimony of the witnesses. By this action he seems to have abandoned his "Report of Proceedings." The court correctly refused to certify this "Statement of Pertinent Facts in lieu of Report of Proceedings." Such a statement is only authorized when agreed to by the opposing party as a substitute for a report of proceedings.

The right of appeal should not be denied a litigant who takes proper steps to comply with the requirement that an adequate report of the proceedings be preserved for review. By the same token we will not permit a scanty and inadequate report, showing on its face the omission of evidence, to suffice as a basis for compelling the court to reconstruct a record of the proceedings. That duty rests on the litigant and his attorney.

The writ of mandamus is denied.

Mandamus denied.