**UNITED STATES of America ex rel. James WRIGHT, Petitioner-Appellant,**

**v.**

**Ross V. RANDOLPH, Warden, Illinois State Penitentiary, Menard Branch, Respondent-Appellee.**

No. 13368.

United States Court of Appeals Seventh Circuit.

Jan. 9, 1962.

---

4. Ill.Rev.Stat.1959, ch. 38, § 801.

5. This was a fragment of a pellet found seven to twelve feet from Blyth's body.

804

H. Blair White, Chicago, Ill., for appellant.

William C. Wines, Asst. Atty. Gen., William G. Clark, Atty. Gen., Raymond S. Sarnow, A. Zola Groves, Aubrey Kaplan, Asst. Attys. Gen., of counsel, for appellee.

Before SCHNACKENBERG, CASTLE and KILEY, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

James Wright, relator, has appealed from an order of the district court denying relator's petition for a writ of habeas corpus.

On December 30, 1952, in the Criminal Court of Cook County, Illinois, relator, then represented by his attorney, Norman R. Silverman, entered a plea of guilty to charges of robbery alleged in two indictments. He was convicted on his plea, and the court held a hearing as to matters of aggravation and mitigation, for the purpose of determining a sentence, pursuant to § 732, Ch. 38, Ill. Rev.Stat. At the end of this hearing, the court sentenced relator to the Illinois penitentiary, and it is release from this incarceration that he seeks by his petition for a writ of habeas corpus. He charges in his petition that, during the aforesaid hearing, there were conversations between the prosecutor and the presiding judge, held out of the hearing of relator and his counsel. He does not state in his petition the subject matter of those conversations and, on oral argument, his counsel in this court expressed no knowledge thereof.

Relator made an abortive attempt to secure relief by writ of error from the Illinois Supreme Court, which failed when the court stated, *inter alia:*

"Petitioner claims that certain conversations between the trial judge and the State's Attorney were omitted from the bill of exceptions. The bill of exceptions filed herein is certified to be correct by the court reporter and by the Chief Justice of the criminal court of Cook County and petitioner's bare assertion to the contrary *is insufficient to establish* that the bill of exceptions is incomplete."

The United States Supreme Court denied certiorari, 362 U.S. 943, 80 S.Ct. 808, 4 L.Ed.2d 771.

While relator did invoke Griffin v. People of the State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, it is apparent that the only effort he has made to obtain relief from the Illinois courts was by writ of error from the Supreme Court of Illinois. He takes this position despite the established facts that, under Illinois law, that avenue is not open nor could relief be granted in a habeas corpus proceeding in that state. In People ex rel. Hubbard v. Anthony, 129 Ill. 218, 224, 21 N.E. 780, 781, the court said:

"* * * It is true there is much evidence in this record, by way of affidavits filed with and in support of the petition, strongly tending to show that the exceptions were in fact entered as alleged by relator; but, if it be conceded that these affidavits may be considered, it is not competent for the appellate court or for this court to try the question of fact, and determine for the trial judge matters that are left to his legal discretion and judgment. * * * *"

In People ex rel. Simus v. Donoghue, 377 Ill. 122, at 125, 35 N.E.2d 371, 372, the same court said:

"It is not competent for this court to try the question of fact and determine for the trial judge matters that are left to his legal discretion and judgment. The presumption is that the trial judge, acting under the solemnity of his oath, will hon-

estly and faithfully perform the duties of his office. And where, as here, after having heard and considered the matter, he asserts that the report of proceedings which he has signed and certified, is a full and fair report of the proceedings had and taken in the trial, this court is powerless to compel him to sign and seal another report of proceedings containing a different state of facts, and to which the trial judge, in the exercise of his judicial functions, was unable to assent. People ex rel. Hubbard v. Anthony, 129 Ill. 218, 21 N.E. 780."

It was for the state of Illinois, not for relator, to designate the method of relief available in the courts of Illinois, to a person convicted under the circumstances asserted by relator. It cannot be said that, by unsuccessfully prosecuting a proceeding not authorized by the state, relator exhausted his remedies under Illinois law, particularly inasmuch as there was available to relator a ready Illinois remedy under which his constitutional contentions could have been asserted and decided. That is Illinois' Post-Conviction Hearing Act, §§ 826–832, Ch. 38, R.S.Ill. That act being available and not resorted to by relator, we are required to hold that he did not exhaust his state remedies before filing his petition in the district court. Lilyroth United States ex rel. v. Ragen, Warden, 7 Cir., 222 F.2d 654.

Faced with this inescapable conclusion, relator in his reply brief takes the position that the Post-Conviction Hearing Act is not available because the failure of the Illinois court to supply him with what he calls a complete bill of exceptions or transcript after his conviction makes that act not applicable. Actually the alleged wrong, which he uses as a basis for charging a violation of his federal constitutional rights, was the alleged failure of the judge of the Criminal Court of Cook County to incorporate into the bill of exceptions a supposed, but wholly undefined, conversation between the judge and the prosecutor, involving, so relator

surmises, something having to do with him. The Post-Conviction Hearing Act in § 1 clearly shows its purpose to be the granting of broad relief to any person in the penitentiary who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his constitutional rights. It is startling to find counsel for a prisoner arguing for a narrow construction of the act, especially in view of its broad remedial purpose.

We, therefore, conclude that, inasmuch as relator did not exhaust his remedies under Illinois law, the district court did not err in dismissing his petition for a writ of habeas corpus. The order of the district court will be affirmed.

We have been much impressed with the diligent effort made by Mr. H. Blair White of the bar of this court, who was appointed to represent relator, an indigent person. We thank Mr. White for his services.

Order affirmed.