**People of the State of Illinois, Plaintiff-Appellee,
v. Michael Lubas, Defendant-Appellant.**

Gen. Nos. M–51,129, M–51,130.

First District, Second Division.

July 26, 1966.

Joseph Reiff, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago, for appellee.

MOTION TO DISMISS APPEAL

MR. JUSTICE BURKE delivered the opinion of the court on motion to dismiss appeal.

The People have moved to dismiss the appeal because of failure of the defendant to file a "Proper Record on Appeal." The defendant states that he was unable to file a Report of Proceedings because the presiding magistrate ceased to be a magistrate at the close of business on December 31, 1965. On January 12, 1966, the presiding judge of the traffic court entered the following order:

> "It appearing to the Court that there was no court reporter present during the hearings on the above entitled cause and that the usual tapes employed by the Municipal Court, Traffic Court, for the purpose of recording testimony are unavailable and defective; and it further appearing to the Court that Magistrate Ernest Greene who presided over the hearings is no longer a Magistrate;
>
> "IT IS HEREBY ORDERED that leave is hereby granted defendant to file a Motion and an Affidavit entitled 'Report of Proceedings.' "

The defendant says that the "Report of Proceedings" was filed pursuant to the order.

The document called "Report of Proceedings" is not a Report of Proceedings. It is a verified statement by the defendant of what he "represents" to be the Report of Proceedings. Supreme Court Rule 36–1 governs appeals from judgments in all cases which are assignable to magistrates whether or not the particular case was tried before a magistrate. The case at bar falls within this category. Paragraph (3) (c) of this rule reads:

> "If no verbatim report of the evidence or proceedings is available, the appellant may prepare a

report of proceedings from the best available sources, including recollection. The proposed report of proceedings shall consist of such portions of the evidence, of the rulings of the trial judge, and of other proceedings as the appellant deems relevant to the issues to be raised on appeal. It shall be served on appellee within 10 days after the filing of the notice of appeal, and within 10 days after receipt thereof the appellee may serve on appellant proposed amendments or additions thereto. Within 5 days thereafter, the appellant shall present the proposed report of proceedings and amendments and additions to the trial court for settlement and approval. Within 14 days after presentation, the court shall settle, sign and order filed an accurate report of proceedings."

The defendant did not comply with the provisions of the above quoted Paragraph (c). Without a proper Report of Proceedings the court cannot review the judgment. The common-law record cannot be the basis for deciding the points upon which defendant relies for reversal. The fact that the presiding magistrate or judge is no longer on the bench does not excuse the filing of a Report of Proceedings, or an agreed statement of the facts. We cannot accept as a Report of Proceedings the contentions of the respective parties. It is for the trial court to settle the Report of Proceedings. We have the power to require the trial court to do so. We cannot know what the Report of Proceedings should contain. See People v. McConnell, 155 Ill 192, 202, 40 NE 608; People v. Holdom, 193 Ill 319, 323, 61 NE 1014; Village of Hinsdale v. Shannon, 182 Ill 312, 318, 55 NE 327; People v. Williams, 91 Ill 87; People v. Gary, 105 Ill 264; and Feldman v. Munizzo, 16 Ill App2d 58, 147 NE2d 427.

Because of the failure of the defendant to present a Report of Proceedings in accordance with the rules, the Appeal in each of cases M–51129 and M–51130 is dismissed.

Appeal dismissed.

BRYANT, P. J. and LYONS, J., concur.