JIMMY ANGEL, d/b/a Jimmy Angel Trio, Plaintiff-Appellee, *v.* JAMES ANGELOS *et al.*, d/b/a The French Connection, Defendants-Appellants.

First District (3rd Division) No. 61440

Opinion filed February 10, 1976.

Michael G. Cheronis and Kenneth A. Green, both of Chicago, for appellants.

Brundage and Garr, of Chicago, for appellee.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

This case involves an action for breach of contract. The plaintiff, Jimmy Angel d/b/a the Jimmy Angel Trio, a group of musicians, agreed pursuant to a written contract, to perform for the defendants, James Angelos and Angelo Letsos, d/b/a The French Connection, an entertainment lounge. When the defendants refused the group's services at the appointed starting date, the plaintiff initiated a successful suit for damages resulting from the breach. However, judgment was entered against James Angelos only and Angelos, referring to himself as James Angelopoulos, filed a motion to vacate the judgment. After a hearing, the motion was denied. Angelos' principal contention on appeal is that he is not obligated to the plaintiff because he did not sign the contract.

A copy of the contract was attached to the complaint. The body of the contract contained the name of The French Connection, which was designated as the place where the plaintiff was to perform. The name appeared again at the bottom of the contract in the space that indicated the employer's name. Just below this space was the signature of Angelo Letsos. Angelos' name or signature did not appear anywhere in the contract.

Angelos' answer denied the allegations of the complaint and stated that the contract was entered into solely by Letsos, an officer and director of The French Connection. In his motion to vacate the judgment, Angelos repeated his assertion that he was not a party to the contract. He said that his name was Angelopoulos, not Angelos and that the judgment was against the latter; that Letsos, not he, signed the con-

tract; that the contract was between the plaintiff and The French Connection, Inc., and if there was any liability it was on the part of that corporation.

■■ On the surface, there appears to be merit in Angelos' contentions. But no report of proceedings has been filed by him and we do not know what the evidence may have been that caused the court, sitting without a jury, to make the finding that it did. In the absence of a transcript of the proceedings it must be presumed that the proof presented was sufficient to support the court's decision. *Perezz v. Janota* (1969), 107 Ill. App. 2d 90, 246 N.E.2d 42.

The party who prosecutes an appeal has the duty of presenting to the court of review everything necessary to deciding the issues on appeal and the burden of showing that the trial court's judgment was erroneous. (*Flynn v. Vancil* (1968), 41 Ill. 2d 236, 242 N.E.2d 237; *Denenberg v. Prudence Mutual Casualty Co.* (1970), 120 Ill. App. 2d 68, 256 N.E.2d 71.) Angelos attempts to evade this obligation by contending that it was the plaintiff's responsibility to make a complete record and that his failure to do so requires a reversal of the judgment. Three cases in which judgments were reversed on appeal are cited in support of this contention: *Kaszmierczak v. Jamrosz* (1914), 185 Ill. App. 352; *Mitchell v. Northwestern Manufacturing & Car Co.* (1887), 26 Ill. App. 295, and *Groenebeld v. Chicago City Ry. Co.* (1915), 192 Ill. App. 62. However, *Kaszmierczak* was reversed because the record and the evidence did not support the judgment. In *Mitchell* an injunction had been issued against the defendant at the plaintiff's request. The trial court subsequently dissolved the injunction and assessed damages against the plaintiff. The reviewing court reversed the award because neither the record nor the decree showed the facts upon which the damages were assessed. In *Groenebeld* the reviewing court reversed the judgment because it was unable to determine from the report of proceedings, "exactly where and how the accident in question occurred." The defendant's reliance on these cases is misplaced.

■■ It was no more the plaintiff's obligation at the trial than it was the defendant's to see that the evidence was transcribed. But once an appeal is taken the burden of preserving the evidence, where it is alleged that it is insufficient to support the court's order, rests upon the party who appeals from that order. (*Skaggs v. Junis* (1963), 28 Ill. 2d 199, 190 N.E.2d 731.) Furthermore, the additional fact that the defendant in his praecipe requested that the clerk of the court prepare "[a] transcript of the trial proceedings, including all testimony, objections and rulings of the trial court," did not shift his burden, as the appellant, to present all material essential to the appeal's disposition.

Angelos seeks to justify his failure to present a report of proceedings·
on the further ground that his counsel on appeal did not represent him
at the trial and that the latter, therefore, cannot be held responsible for
the trial record. This contention cannot be accepted. The responsibility
of an appellant to present an adequate record cannot be avoided by a
change in counsel. The law makes liberal provision for the reconstruc-
tion of the trial proceedings. Supreme Court Rule 323(c) (Ill. Rev. Stat.
1973, ch. 110A, par. 323(c)) provides that:

> "If no verbatim transcript of the evidence of proceedings is
> obtainable the appellant may prepare a proposed report of pro-
> ceedings from the best available sources, including recollection.
> * * * [T]he appellant shall, upon notice, present the proposed
> report or reports and any proposed amendments to the trial court
> for settlement and approval. The court, holding hearings if neces-
> sary, shall promptly settle, certify, and order filed an accurate
> report of proceedings."

■■ The "recollection" that may be used to prepare a proposed report
of proceedings is not limited to that of the trial attorney; it may be
that of the appellant or a bystander. A report may be prepared from the
best available sources and if it is not acceptable to the court because
of its inadequacy or inaccuracy, the court may hold hearings and ex-
amine witnesses to determine what actually occurred at the trial. (See
*Feldman v. Munizzo* (1957), 16 Ill. App. 2d 58, 147 N.E.2d 427.) The
court may use all reasonable means to determine what the report should
contain so that it will truly and fairly present the testimony, the evi-
dence and the rulings at the trial of the case. (See *People ex rel. Simus
v. Donoghue* (1941), 377 Ill. 122, 35 N.E.2d 371, *cert. denied*, 314 U.S.
678.) Despite the many sources available to him the appellant made
no effort to reconstruct the trial proceedings.

■■ If a record does not contain a report of the trial proceedings the
appeal may be dismissed (*Glover v. Glover* (1974), 24 Ill. App. 3d 73,
320 N.E.2d 513), but it is also proper to affirm the judgment. Following
the filing of this appeal, the appellee moved for its dismissal. Upon the
appellant's protestations that the correctness of his position could be
established from the balance of the record, the motion was taken with
the case. It is not necessary to pass on this motion as the judgment is
affirmed.

Affirmed.

MEJDA, P. J., and McGLOON, J., concur.