JOHN VACLAV CERNY, Appellee, *vs.* JACOB GLOS *et al.* Appellants.

*Opinion filed December 17, 1913—Rehearing denied Feb. 6, 1914.*

1. PRACTICE—*certificate of evidence cannot be amended upon mere recollection of judge.* Where a bill of exceptions or certificate of evidence is signed and filed it becomes a part of the record, and it cannot thereafter be amended merely from the judge's recollection of what occurred.

2. SAME—*affidavit of solicitor cannot be considered by court as a basis for amending certificate of evidence.* An affidavit of one of the solicitors in the case cannot be considered by the judge as evidence upon which to base an amendment of the certificate of the evidence.

3. SAME—*when certificate of evidence is itself sufficient basis for amendment.* If the certificate of evidence shows on its face that it contains all the evidence, there being a statement therein by complainant's solicitor, following complainant's evidence, that "this is our case," and a statement by the defendant's solicitor that their only evidence was certain stipulated payments of taxes and receipts therefor, which are shown, the certificate itself is sufficient authority to enable the judge to add the statement that the certificate contains all the evidence heard.

4. EVIDENCE—*courts cannot disregard statute relating to introduction of secondary evidence of deeds.* Every citizen is entitled to the benefit of the rules prescribed by the legislature for the admission of secondary evidence of deeds, and the courts are not at liberty to disregard such rules and admit certified copies of deeds in evidence, over proper objections, without any attempt being made to comply with the conditions prescribed by the statute.

APPEAL from the Circuit Court of Cook county; the Hon. WILLIAM E. DEVER, Judge, presiding.

JOHN R. O'CONNOR, for appellants.

JOHN C. WILSON, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of Cook county entered a decree setting aside a tax deed to Jacob Glos, one of the appellants, and a quit-claim deed executed by him to Emma J. Glos and A. H. Glos, the other appellants, as clouds upon the title of John Vaclav Cerny, the appellee, to lot 90 in Claflin's subdivision of block 1 of Johnston & Lee's subdivision of the south-west quarter of section 20, township 39, north, range 14, in Cook county, and the record has been brought to this court by appeal.

The certificate of evidence as contained in the transcript originally filed in this court did not contain a statement of the judge who heard the cause that it contained all the evidence given therein. The appellants filed a supplemental transcript of record by leave of the court, showing an amendment to the certificate of evidence, while the cause was pending here, by the addition of the words, "and this was all of the evidence given and stipulations made in said cause." The appellee entered his motion to strike the supplemental transcript from the files, and the motion was taken with the case.

Where time is given, after a term at which a proceeding is had, for settling and signing a bill of exceptions or certificate of evidence, the judge must necessarily determine the correctness of the bill or certificate largely from his own recollection, aided by minutes or memoranda or other legitimate means of information. He must determine, in the first instance, what the bill or certificate shall contain to truly and fairly present the facts and rulings occurring on the hearing. (*Dougherty* v. *People,* 118 Ill. 160.) When the bill or certificate is signed and filed it becomes a part

of the record, and from thenceforth the same rule applies to amendments as in the case of any other record, and it cannot be amended merely from the judge's recollection of what occurred. In the order amending the certificate of evidence the judge recited that he had carefully examined the certificate and record, that he had kept some minutes of the evidence upon the hearing, and that from his personal knowledge and recollection, aided by the certificate of evidence, it was a fact that the certificate contained all the evidence offered or introduced on the trial. The appellee caused a certificate of the evidence heard on the motion to amend to be made and signed by the judge, and that certificate shows that the only matters considered were certain minutes of the judge copied therein and an affidavit of the solicitor for Jacob Glos and the original certificate of evidence. There was nothing in the minutes which showed that the certificate contained all the evidence or which authorized the amendment, and the affidavit of the solicitor was not competent evidence. The original certificate of evidence, however, sufficiently showed that it contained all the evidence. It recited the introduction of evidence on the part of the appellee, followed by the statement of his solicitor, "This is our case." The solicitor for the appellants then stated that the only evidence they had to offer was evidence of the payment of some taxes. It was then stipulated that a certain payment of taxes was made, and two receipts were offered, when there was a discussion as to how much the payment amounted to as a basis for reimbursement, and the solicitor for appellee said he would figure it out as best he could and submit the decree to the solicitor for the appellants. The statement of the solicitor for the appellee that the evidence introduced constituted his case, and the statement that all the evidence appellants had was the stipulated payment and the receipts, sufficiently showed to the judge that the certificate did contain all the evidence heard. These facts bring the case within the rul-

ing in *Chicago, Milwaukee and St. Paul Railway Co.* v. *Walsh,* 150 Ill. 607, and authorized the court to make the amendment if it was necessary to show by a definite statement what already appeared. The motion is denied.

We find it impossible to affirm the decree in this case. The appellee, having alleged title to the lot, asked the court to set aside a tax deed as a cloud on his title, and his ownership being denied by the answers, he was required to prove that he was the owner of the lot. Unless a party shows title to land where the title is in issue, it is not for him to complain that there is a cloud upon the title. (*Wing* v. *Sherrer,* 77 Ill. 200; *Walker* v. *Converse,* 148 id. 622; *Glos* v. *Goodrich,* 175 id. 20; *Glos* v. *Kenealy,* 220 id. 540; *Coel* v. *Glos,* 232 id. 142.) The only evidence that appellee had title consisted of a certified copy of a deed dated August 12, 1909, from a master in chancery to him, and the copy was objected to on the ground that no sufficient foundation had been laid for the introduction of secondary evidence. Section 36 of chapter 30 of the Revised Statutes fixes the conditions upon which a certified copy of a record of a deed may be read in evidence, and there was no attempt whatever to comply with the conditions there prescribed. So far as appeared, the master's deed was in existence and in the possession of another party in the same city where the case was heard. The tax deed and the deed from Jacob Glos to the other appellants were all proved by certified copies, and each copy was objected to for want of a sufficient foundation for its introduction. The court erred in admitting the copies in evidence and making them the basis of its decree. (*Scott* v. *Bassett,* 174 Ill. 390, 186 id. 98, and 194 id. 602; *Glos* v. *Talcott,* 213 id. 81.) We are not authorized to disregard rules prescribed by the General Assembly for the admission of secondary evidence, and every citizen is entitled to the benefit of such rules.

The decree is reversed and the cause is remanded.

*Reversed and remanded.*