(No. 22004.—)

P. W. BAUMAN, Appellee, vs. THE C. I. T. CORPORATION, Appellant.

*Opinion filed April 21, 1934—Rehearing denied June 6, 1934.*

SHORT, ROTHBART, WILLNER & LEWIS, and SIMS, STRANSKY & BREWER, (FRANKLIN J. STRANSKY, GEORGE H. MEYER, and SEYMOUR M. LEWIS, of counsel,) for appellant.

MILTON M. ADELMAN, for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

P. W. Bauman instituted suit in the municipal court of Chicago against the C. I. T. Corporation and recovered judgment for $1000. The defendant made a motion to vacate the judgment and the motion was denied. The corporation prosecuted an appeal to the Appellate Court for the First District and that court affirmed the order denying the motion to vacate the judgment. Upon the corporation's petition, the Appellate Court granted a certificate of importance and allowed a further appeal to this court.

Bauman, in his statement of claim filed in the municipal court, alleged the unlawful conversion by the defendant of a Nash automobile and a robe of the aggregate value of $1000. The C. I. T. Corporation filed its appearance and interposed an affidavit of merits. The case was assigned for trial without a jury. When the case was called on June 30, 1932, neither the defendant nor its attorneys were present. The court found the defendant guilty, assessed the plaintiff's damages at $1000, and entered judgment on the finding. On the next day the defendant's motion to vacate the judgment was made and denied and its prayer for an appeal from that order to the Appellate Court was allowed. The defendant presented a bill of exceptions within the period fixed for that purpose. To this bill, which was incorporated in and made a part of the transcript of the record, the trial judge attached and signed the following certificate: "Forasmuch as two transcripts of the record have been presented to the court, both alleging to be correct, and the counsel for defendant and for plaintiff being unable to agree concerning inaccuracies alleged by counsel for the plaintiff, the court hereby submits the two copies of said transcript of record and certifies that so far as the court is able to determine this transcript of the record submitted by the defendant appears to be a

correct statement of the facts and proceedings of the case and of all questions of law involved in said case and the decisions of the court upon all such questions of law." A second bill of exceptions tendered by the plaintiff was neither signed nor filed.

The appellee made a motion to strike the bill of exceptions certified and signed by the trial judge, and the Appellate Court granted the motion. Successive motions by the appellee to dismiss the appeal and by the appellant to withdraw the bill of exceptions followed, but both motions were denied. Leave was granted the appellant, however, to file its petition for a writ of *mandamus* commanding the trial judge to sign a proper certificate to the bill of exceptions it had presented to him. The respondent, the trial judge, answered the petition, the petitioner demurred to the answer, the demurrer was overruled, and the prayer of the petition was denied. An appeal from that order, based on a certificate of importance, was sought but disallowed. Thereafter the Appellate Court rendered its judgment affirming the order of the municipal court denying the motion to vacate the latter court's judgment.

The appellant contends that the Appellate Court erred in striking the bill of exceptions; in denying the writ of *mandamus* sought, and in affirming the final order of the municipal court.

Section 81 of the Practice act (Cahill's Stat. 1931, p. 2182; Smith's Stat. 1931, p. 2205) requires the trial judge to examine a bill of exceptions presented to him for settlement and authentication, and if he finds it correct, to certify thereto officially. The judge may resort to all legitimate means of information to ascertain the accuracy of the bill he is requested to certify. (*Cerny* v. *Glos*, 261 Ill. 331; *Mayville* v. *French*, 246 id. 434; *People* v. *Chetlain*, 219 id. 248; *People* v. *McConnell*, 155 id. 192; *People* v. *Anthony*, 129 id. 218; *Hake* v. *Strubel*, 121 id. 321; *People* v. *Gary*, 105 id. 264; *Emerson* v. *Clark*, 2

Scam. 489). It is the exclusive province of the judge before whom a cause was tried to determine the accuracy of the bill of exceptions presented for his signature. (*People* v. *Jameson*, 40 Ill. 93). The law makes him the judge of the accuracy and propriety of the act he is called upon to verify, and it is not for other persons to determine its truth. He acts under the solemnity of an oath and the presumption is that he will honestly and faithfully perform his duty. (*People* v. *Pearson*, 2 Scam. 189). The determination of the verity of the contents of a bill of exceptions is a judicial act. (*People* v. *Anthony*, 129 Ill. 218; *Hake* v. *Strubel*, 121 id. 321; *Emerson* v. *Clark*, 2 Scam. 489). The signing, as distinguished from the settlement and allowance, of a bill of exceptions is an act purely ministerial. *Chaplin* v. *Illinois Terminal Railroad Co.* 227 Ill. 166; *Hake* v. *Strubel, supra.*

The recital in the certificate to the bill of exceptions in the present case that "Forasmuch as two transcripts of the record have been presented to the court, both alleging to be correct, and the counsel for defendant and for plaintiff being unable to agree concerning inaccuracies alleged by counsel for the plaintiff," may be rejected as surplusage. The trial judge was obliged to certify and sign a correct bill of exceptions and if the two bills presented to him were inaccurate or insufficient, he should have rejected both. The clause which follows, namely, "submits the two copies of said transcript of record" is likewise immaterial and superfluous. When these extraneous parts are disregarded, the court certifies that so far as it "is able to determine this transcript of the record submitted by the defendant appears to be a correct statement of the facts and proceedings of the case and of all questions of law involved in said case and the decisions of the court upon all such questions of law." The court's authentication of the bill involves its ability, upon sufficient grounds or information, to settle and approve it. It follows that the motion of the

appellee to strike the bill of exceptions from the record should have been denied by the Appellate Court.

It becomes unnecessary to consider the two remaining contentions of the appellant. The judgment of the Appellate Court is reversed and the cause remanded to that court, with directions to hear and determine the cause upon its merits.

*Reversed and remanded, with directions.*