Paul Shafer, Petitioner-Appellee, v. Northside Inn, Inc., a Corporation, Fannie Goldstein and Paul Jones, Defendants.
On Appeal of Jacobs and McKenna, Respondents-Appellants.

Gen. No. 48,681.

First District, Second Division.

June 12, 1962.

Jacobs and McKenna, pro se, of Chicago (William J. McKenna, Norton Wasserman and Charles D. Snewind, of counsel).

Gomberg, Missner & Lacob, of Chicago (Sidney D. Missner, of counsel), for appellee.

MR. JUSTICE BRYANT delivered the opinion of the court:

This appeal is taken from an order of the Superior Court of Cook County finding the respondents Jacobs and McKenna, attorneys, guilty of contempt of court for failing to abide by a previous order of that Court ordering respondents and the LaSalle Reporting Company to submit to the attorneys for petitioner-appellee herein the complete transcript of the testimony taken in the case of Paul Shafer v. Northside Inn, Inc., et al. Respondents were found guilty of contempt and fined $100 payable forthwith to the Clerk of the Superior Court.

The contempt order grew out of a suit for personal injuries which this petitioner-appellee lost on a jury

verdict, and petitioner states in this appeal that he was attempting to obtain the transcript of testimony of the principal case as a step in preparing his record for appealing from that adverse judgment.

The principal case was heard before Judge Withers. A subsequent motion for a new trial was denied by Judge Withers. A prior petition to require respondents to produce the transcript was presented to Judge Locke, who was not the trial judge, and this was promptly denied. Later petitioner presented a "bystander's" report of proceedings to Judge Ezra Clark for court approval. Defendants filed objections to this. Judge Clark then ordered Jacobs and McKenna and the LaSalle Reporting Service to submit to petitioner's attorney the complete transcript of the testimony upon payment of the cost.

Subsequently petitioner filed a verified petition directed against Jacobs and McKenna and the LaSalle Reporting Service to show cause why they should not be held in contempt of court for failure to comply with the aforesaid order. In substance the petition recites the aforementioned order; that Sidney D. Missner, one of the attorneys for petitioner, requested LaSalle Reporting Service to transcribe the testimony; that Jacobs and McKenna had advised petitioner's attorneys that LaSalle would not prepare the transcript of record as ordered; that the transcript had been prepared and was delivered to Jacobs and McKenna; and that the said attorneys have wilfully refused to comply with the order to the prejudice of petitioner.

An answer was filed disputing petitioner's legal rights to demand the transcript; pointing out that the request for the transcript had been previously denied by another judge of the Court; that Judge Clark had expressed an opinion that the dispute could be resolved only by an appeal to the Appellate Court; that the transcript had been written up and forwarded to

respondents' clients in Missouri; that the clients were retaining the transcript and have declined to release it or forward it to petitioner; that the clients have instructed respondents and LaSalle Reporting Service not to release any transcript of the proceedings to the petitioner.

The LaSalle Reporting Service was not an official court reporter, and was in attendance at the trial only by reason of its contract with defendants' attorneys. Petitioner evidently did not make any arrangements for reporting or transcribing the testimony, and had no contract with LaSalle Reporting Service. We are told in the case of Noble v. Noble, 349 Ill App 535, 111 NE2d 383 (Abst.): "Court reporters are retained by parties to preserve the record for their own protection. Attorneys usually, as a matter of courtesy, make the transcript of the evidence available to the opposing party, but plaintiff cites no cases requiring this to be done, and we know of none."

No evidence was heard and the contempt order was entered on the pleadings.

■ Our point of departure in this appeal is the fatal defect that there is no explanation appearing of record for failing to present the purported report of proceedings to Judge Withers, the trial judge, for his certificate of correctness, as required by Supreme Court Rule 36(c), Ill Rev Stats 1961, c 110, § 101.36. Where a report of trial proceedings is presented to a judge other than the trial judge, it must appear affirmatively of record that the trial judge could not have signed the report because of his absence from the district, sickness or other disability. In the absence of such a showing, no other judge has the right to certify to the correctness of the report of proceedings. Midland Oil Co. v. Packers Motor Transport, 277 Ill App 451; Parker v. Village of LaGrange, 167 Ill 623, 48 NE 1057. See also Staunton Coal Co. v. Menk, 99 Ill App 254, at 256.

444

■ Because Judge Clark would be beyond his authority in certifying to the correctness of the "bystander's" report of proceedings due to the basic defect of no showing of record why this report was not presented to the trial judge, the order requiring respondents to furnish a transcript to aid Judge Clark in making a ruling in the matter was likewise beyond his authority and void. It follows that the resulting contempt order was void and must be reversed. As observed by the Illinois Supreme Court in Bauman v. C. I. T. Corp., 356 Ill 336, at 339, 190 NE 696:

> "It is the exclusive province of the judge before whom a cause was tried to determine the accuracy of the bill of exceptions presented for his signature. (People v. Jameson, 40 Ill 93). The law makes him judge of the accuracy and propriety of the act he is called upon to verify, and it is not for other persons to determine its truth."

■ Therefore, we do not reach the more difficult underlying question of what means the trial judge may resort to in order to ascertain the correctness of the transcript of record he is called upon to authenticate, and specifically whether he may demand the stenographic report prepared by opposing counsel under private contract. This question could only arise, of course, where there is no official court reporter, as in Cook County. The problem results from the adversary system where the burden of preserving the evidence is on the party seeking reversal of a judgment or decree. See First Nat. Bank v. 10 W. Elm St. Bldg. Corp., 277 Ill App 337, at 340; Kapas v. Anderson, 15 Ill App2d 535, 146 NE2d 707 (Abst.). But the problem is compounded by conflicting opinions in the cases. Compare for example, People v. McConnell, 155 Ill 192, at 202, 40 NE 608, stating that the trial judge may resort to every legitimate means of ascertaining the correctness

445

of the bill he is called upon to authenticate, including recourse to the stenographic report and sending for the witnesses, with Western S. & O. Fixture Co. v. A. L. Randall Co., 223 Ill App 225, 227, holding that the trial judge did not err in refusing to order the stenographer to show cause, or in refusing to order him to prepare and furnish a copy of his stenographic notes of the proceedings at the trial.

Since the underlying question may come up in proper form when there is a showing of record as to the trial judge's unavailability, we point out that the efficacy of a criminal contempt proceeding to procure a report of proceedings is doubtful. And a civil contempt proceeding should be directed toward the reporter rather than the lawyers. Until that issue is properly presented, we emphasize that the requirement of showing the unavailability of the trial judge must be strictly met in order to avoid the obvious possibilities of conflict or "judge shopping" for a favorable ruling.

The contempt order is reversed.

Reversed.

FRIEND, P. J. and BURKE, J., concur.