THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
GARY WAYNE HARRIS, Defendant-Appellant.

Fourth District   No. 4—83—0018

Opinion filed August 25, 1983.

Greaves & Lerner, of Champaign, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman and Rebecca L. White, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE WEBBER delivered the opinion of the court:

Defendant appeals from a denial by the circuit court of Champaign County of his post-conviction petition following an evidentiary hearing on it. The sole issue raised is that of ineffective assistance of counsel on direct appeal and at the post-conviction proceeding.

Some background information is required for an understanding of the issue raised. Defendant was originally found guilty by a jury of unlawful use of weapons by a convicted felon in violation of sections 24—1(a)(10) and 24—1(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, pars. 24—1(a)(10), 24—1(b)). On direct appeal this court affirmed. *People v. Harris* (1982), 104 Ill. App. 3d 1213 (Rule 23 order).

In that appeal defendant was represented by attorney Donald Johnson of the Office of the State Appellate Defender. He raised four issues; a fifth issue, conflict of interest in trial counsel, was presented to this court through a *pro se* brief filed by the defendant. Attorney Johnson thought the issue to be nonmeritorious and declined to raise it. For this reason defendant filed a *pro se* motion to discharge him, which motion was denied by this court. The hub of the matter, then and now, is a document which indicates that defendant waived any potential conflict existing in his trial counsel.

As indicated in the prior Rule 23 Order and not contested by the parties, the Public Defender of Champaign County was appointed to represent the defendant on the original charge. At the same time that office was representing defendant's son in an unrelated juvenile case. A hearing was held by Judge Nicol in Champaign County on the matter of conflict in these representations, but for reasons not immediately apparent no court reporter was present, nor have any tapes been found. Thereafter, at the behest of attorney Johnson, Judge Nicol prepared and certified a two-page document entitled "Bystander's Record" which relates his recollections of the proceeding. It is uncontested that this report was not prepared in the manner provided in Supreme Court Rule 323(c) (87 Ill. 2d R. 323(c)).

In it Judge Nicol recites the appearances of the State by an assistant State's Attorney and of the defendant in his own proper person and by counsel, an assistant public defender. The nature of the potential conflict was then recited by the assistant public defender, indicating only that the office of the Public Defender, not the particular assistant defender himself, had been appointed to represent defendant's son. Defendant stated that he understood the nature of the potential conflict and that the court had the power to appoint an attor-

ney not connected with the Public Defender's office to represent him. He then further stated, according to the report, that he preferred to have the assistant continue to represent him. Judge Nicol then found that the defendant had waived a potential conflict.

Defendant was apparently dissatisfied with Judge Nicol's report and filed in this court a document entitled "Affidavit in Contest." In it he swears that the assistant public defender never told him of the potential conflict and its nature; he also states that the court never informed him that he might have another attorney. He lodged then a general objection to the entire report.

Attorney Johnson, after reviewing the report and the affidavit, declined to raise the conflict issue, and as indicated above, it was presented to this court via defendant's *pro se* brief. We held it to be without merit.

Defendant filed a post-conviction petition on August 31, 1982, alleging a variety of errors, including denial of effective assistance of counsel both at trial and on appeal. New counsel was appointed and argued that since there was no verbatim transcript of the proceedings before Judge Nicol, no effective waiver had been shown. He further argued ineffective assistance of appellate counsel since attorney Johnson refused to pursue this issue. The trial court denied the prayer of the petition, holding that the conflict issue had already been determined by this court and whether to raise it at all lay within the judgment of the appellate counsel.

Defendant's argument appears to be one of procedure only. His post-conviction petition, drafted *pro se* and not amended, alleges ineffective assistance of counsel only in the most general terms. The record made at the hearing thereon indicates that the public defender, Brian Silverman, represented him at trial and also represented his son in an ongoing juvenile proceeding. However, this is not a *per se* conflict. The Supreme Courts of both the United States and of this State have held that joint representation of criminal defendants does not give rise to a *per se* violation of the guaranty of effective assistance of counsel. (*Holloway v. Arkansas* (1978), 435 U.S. 475, 55 L. Ed. 2d 426, 98 S. Ct. 1173; *People v. Vriner* (1978), 74 Ill. 2d 329, 385 N.E.2d 671.) Since a juvenile proceeding is not criminal in nature (*In re Beasley* (1977), 66 Ill. 2d 385, 362 N.E.2d 1024), any potential conflict becomes even more attenuated, almost to the point of nonexistence.

Defendant's argument centers only on the mechanics of waiver. He assumes a conflict whose existence is dubious and then claims that the record of waiver was so deficient, not having been prepared in ac-

cordance with Supreme Court Rule 323(c), that it was incompetent for appellate counsel not to press the point and seek to have it stricken. He also maintains that it was likewise incompetent for trial counsel at the post-conviction hearing not to do the same.

At the outset it should be noted that defendant has not denied making a waiver. The following appears on defendant's direct examination at the post-conviction hearing:

"Q. Getting back to November 5th, 1980, did Judge Nicol tell you about your conflict? Did he ever explain it?

A. Did he admonish me in open court? Is that what you're asking?

Q. Yes.

A. No. He asked me did Mr. Silverman -- okay. Mr. Hooker explained to him that Mr. Silverman had talked with me and that he asked me did Mr. Silverman talk with me and was I waiving conflict and I said yes."

The report of Judge Nicol is not so deficient as to be meaningless. In this connection the words of the supreme court are pertinent:

"It is the exclusive province of the judge before whom a cause was tried to determine the accuracy of the bill of exceptions presented for his signature. [Citation.] The law makes him the judge of the accuracy and propriety of the act he is called upon to verify, and it is not for other persons to determine its truth. He acts under the solemnity of an oath and the presumption is that he will honestly and faithfully perform his duty." *Bauman v. C.I.T. Corp.* (1934), 356 Ill. 336, 339, 190 N.E. 696, 698.

We view the report as having been properly made under Supreme Court Rule 329 as incorporated into criminal procedure by Supreme Court Rule 612. (87 Ill. 2d Rules 329, 612.) In connection with Rule 329 the supreme court has said:

"Rule 329, as the Committee Comments demonstrate, is a very broad provision whose object is to allow the record on appeal to be amended to correct inaccuracies, supply omissions, correct improper authentication, and settle controversies as to whether the record on appeal accurately discloses what occurred at trial. It is designed to facilitate the amendment of the record on appeal." *People v. Chitwood* (1977), 67 Ill. 2d 443, 447, 367 N.E.2d 1331, 1333.

█ With the information in hand as disclosed by the report, attorney Johnson made the professional determination that the point was not meritorious. This was not incompetency. (*People v. Frank* (1971), 48 Ill. 2d 500, 272 N.E. 25.) Furthermore, defendant,

through his *pro se* brief on the subject, was permitted to bring it to this court's attention. It has been reviewed. Compare *People v. Hamby* (1965), 32 Ill. 2d 291, 205 N.E.2d 456.

The same rationale applies to trial counsel at the post-conviction hearing.

A somewhat collateral argument by defendant requires only brief mention. He maintains that waiver of conflict must be handled in the same manner as waiver of counsel as provided in Supreme Court Rule 401(a) (87 Ill. 2d R. 401(a)). We do not agree. The supreme court has said that in cases of conflict "we are to apply the general guidelines enunciated in our prior cases and those of the United States Supreme Court on the subject of conflicts of interest." *People v. Miller* (1980), 79 Ill. 2d 454, 461, 404 N.E.2d 199, 202.

The judgment of the circuit court of Champaign County is affirmed.

Affirmed.

TRAPP and GREEN, JJ., concur.