Orleana B. Kelly, et al., Plaintiffs-Appellants, v. William L. Guild, as Attorney General of the State of Illinois, et al., Defendants-Appellees.

### Gen. No. 11,714.

Second District, Second Division.
June 14, 1963.

C. M. Granger and John H. Beckers, of Kankakee, for appellants.

Edwin W. Sale, of Kankakee, for appellee, Stewards Foundation, and William G. Clark, Attorney General, of Chicago (William C. Wines, Raymond S. Sarnow and A. Zola Groves, Assistant Attorneys General, of counsel), appellee.

CROW, J.

This is an appeal by the plaintiffs, Orleana B. Kelly, et al., from a decree of December 7, 1961 of the Circuit Court of Kankakee County construing the will of Jennie K. Groenewoud, deceased, in which she bequeathed one half of the residue of her estate (personalty) "to the Trustees of Old Peoples Home Trust, of Kankakee, Illinois, to be used in establishing an old peoples home in accordance with the purposes of said trust." The plaintiffs, as heirs of the testator, claimed this part of the residue, joining as defendants the executor of the decedent's estate, the same party individually as an heir, the Attorney General, the State's Attorney, the former trustees of the Old Peoples Home Trust, and the Stewards Foundation, which latter defendant, a general not-for-profit corporation, claimed the bequest either as a successor trustee, or under the doctrine of Cy Pres. The trial court construed the will in such a manner as to award the bequest to the defendant Stewards Foundation, and the plaintiffs appeal. The appeal was originally taken to the Supreme Court and was transferred by that Court to this Court: (1962) 25 Ill2d 511.

147

Many years prior to the present litigation one Azariah Buck died leaving the residue of his estate in trust to certain named individuals to build and maintain an old people's home. This trust was administered in the Circuit Court of Kankakee County under the name "Old Peoples Home Trust," in Case No. 16327. On July 22, 1959, upon petition of the trustees in that cause the Circuit Court found that the trust established by the Buck will was a valid charitable trust in perpetuity, evidencing a general charitable intent, the fund was inadequate for the purpose, permitted application of the Cy Pres doctrine, and substituted the Stewards Foundation in lieu of the corporation suggested to be formed in the Buck will and of the individual trustees thereunder.

Jennie K. Groenewoud, the present decedent, died on October 2, 1959, leaving a will executed July 18, 1956, bequeathing one half of the residue of her estate "to the Trustees of Old Peoples Home Trust, of Kankakee, Illinois, to be used in establishing an old peoples home in accordance with the purposes of said trust." It appears from the opening statement of counsel for the plaintiffs-appellants in the trial court that the Trustees of Old Peoples Home Trust and the foregoing Case No. 16327 have been referred to as the Old Peoples Trust as long as counsel could remember, and there was no doubt in counsel's mind that the present decedent, Jennie K. Groenewoud, intended by this language in her will to give the indicated property to that original Azariah Buck Trust.

The trial court found that the Groenewoud will showed a general charitable intent, and that the Stewards Foundation had heretofore been found to be a proper instrument for effecting the intent and purposes of the Buck will. The court decreed that one half of the residue be paid over to the Stewards Foundation to be used by it, with the other property transferred from the Buck individual trustees, to es-

tablish and maintain an old peoples home, in accordance with the decree of July 22, 1959, in the Old Peoples Home Trust, Case No. 16327.

The plaintiffs-appellants argue that the Stewards Foundation is a general not-for-profit charitable corporation, it is not authorized to accept trusts under the Trust Companies Act, Ill Rev Stats, 1961, c 32, pars 287 ff., and it was not appointed and could not be legally appointed as a successor trustee herein. They also maintain that the Groenewoud will discloses no such general charitable intent as to permit application of the doctrine of Cy Pres and the carrying out of the bequest by Stewards Foundation thereunder. Therefore, they claim the bequest here concerned failed and should be paid to the plaintiffs as heirs of the decedent.

The defendants-appellees Stewards Foundation and the Attorney General argue, in the alternative, that the bequest here concerned may go to the Foundation as successor trustee of the Old Peoples Home Trust, that it was so appointed successor trustee by the decree of July 22, 1959, and it is not prevented from acting as trustee by the Trust Companies Act, Ill Rev Stats, 1961, c 32, pars 287 ff., or by the General Not-For-Profit Corporation Act, Ill Rev Stats, 1959 (or 1961) c 32, par 163a, ff., or the bequest may go to the Foundation by virtue of the Cy Pres doctrine, the Groenewoud will disclosing a general charitable intent, and the Probate Act, Ill Rev Stats, 1955, c 3, par 194a (Ill Rev Stats, 1961, c 3, par 43a) operating to cause the Groenewoud will to incorporate the Buck will descriptive of its general charitable intent. The other defendants-appellees have filed no brief here.

Stewards Foundation is a general not-for-profit corporation, chartered to erect, rehabilitate, own, operate, and maintain, inter alia, old peoples homes. It does not have among its express purposes the acceptance or execution of trusts. It was not organized

149

under or qualified as a trust company under the Trust Companies Act, Ill Rev Stats, 1961, c 32, par 287 ff. The validity, as such, of the Foundation's corporate charter permitting it to establish and operate old peoples homes is not involved. A construction of that charter and the Trust Companies Act may be involved.

At the date of execution of the Groenewoud will, in 1956, there was under the administration of the Circuit Court of Kankakee County, in Case No. 16327, as we have indicated, a trust commonly known as the Old Peoples Home Trust, of which certain of the defendants herein, Mary M. Gallagher, Fred W. Swannell, Len H. Small, Vernon McBroom and George E. Luehrs, were Trustees by appointment of that Court. This trust was originally created by the will and codicil of Azariah Buck, deceased, to establish in that County an old peoples home, to which, under rules to be adopted by the trustees, were to be admitted worthy poor people, or people of limited means, not able properly to care for themselves, above the age of 60 years, and residents of that County, who were not paupers, or public charges. There appears to be no question in the present case as to the general charitable nature and intent of the provisions of the Buck will and codicil in this respect. The Buck will directed the trustees to accumulate $100,000 from his residuary estate, $25,000 of which was to be spent to build a home for such persons, and the balance of which was to be retained as an endowment for the operation of such home. That will or codicil provided that the Circuit Court of Kankakee County should have visitorial powers over the trust, its administration should be under that Court, that Court might appoint successor trustees, the Court might order the trustees to organize a corporation to carry out the will, and authorized the trustees to receive bequests from other parties to assist in carrying out "this my

object to a public charity." As of early 1959 that trust had accumulated property of the value of some $245,000. Early that year the trustees filed a supplemental complaint or petition therein alleging the funds were insufficient to construct such a home and operate it, suggesting the Stewards Foundation could and would carry out in principle the project of the Buck will, and asking to turn over the fund to the Foundation, and resign as trustees. The Stewards Foundation intervened therein. Ultimately a decree of July 22, 1959 was entered therein.

That earlier decree of July 22, 1959 in the Old Peoples Home Trust, Case No. 16327, found jurisdiction, and found: the plaintiffs in that cause, Mary M. Gallagher, Fred W. Swannell, Len H. Small, Vernon McBroom and George E. Luehrs, are trustees duly appointed of Old Peoples Home Trust established by the will and codicil of Azariah Buck, deceased; the trustees having acquired a tract of land and investigated the cost of an Old Peoples Home, it appears such would deplete the trust funds, leaving no income with which to operate, and it is impossible, impracticable, and inexpedient for the trustees to comply, or attempt to comply, with the terms of the Buck will; Stewards Foundation is an Illinois general not-for-profit corporation, one of the purposes of which is to own, operate and lease hospitals . . . old peoples homes etc., having assets of $5,777,060, which has contracted to purchase land, for the construction of a retirement home to cost about $1,000,000, same to be provided from current funds and mortgage funds; it proposes to establish a home for persons of both sexes above sixty-five, providing laundry, food, services, and infirmary care to qualified persons regard-less of race, creed, or color, accepting monthly care payments and covering deficits, to provide modern fireproof apartments, administration, and nursing care, and on the same land to erect a modern general hospi-

151

tal; the Foundation proposes to begin construction of the Home in 1960 after being appointed trustee of the subject Trust and to prefer for admission thereto residents of Kankakee County, and proposes to name the home "The Buck Apartments"; the plaintiffs in that cause propose to resign, and propose that the Court appoint the Stewards Foundation or its officers and directors as Trustees of Old Peoples Home Trust; the Azariah Buck will discloses a general intent warranting application of the Cy Pres doctrine to the Old Peoples Home Trust, and the Foundation is qualified to construct and operate such a Home; the establishment of such a home is in the public interest and the intervenor, Stewards Foundation, is a proper organization to administer the trust estate in lieu of the plaintiffs therein and jurisdiction be retained of the subject matter and parties to pass on any questions arising with regard to the mode of effectuating the general charitable intent expressed in the Buck will. That decree orders that the beneficiaries of the trust are the older people of Kankakee County, not paupers; the trust is a valid charitable trust in perpetuity, evidencing a general charitable intent and permitting application of the Cy Pres doctrine; the provisions (in the Buck will and codicil) for individual trustees and a home and an accumulation are merely incidental; the Foundation is substituted in lieu of the corporation suggested in the will and the individual trustees; it is authorized to accept all trust assets; and the decree retains jurisdiction to make further orders requested by the Foundation for advice and aid in fulfilling the general charitable purposes of the testator. The trust assets were turned over to the Foundation in accordance therewith. The former individual trustees have done nothing since.

The decree of December 7, 1961, in the present cause, from which this appeal is taken, found: at the date of the Groenewoud will, in 1956, there was in existence

152

and under the jurisdiction of the Circuit Court of Kankakee County a trust established pursuant to the will of Azariah Buck, deceased, of which certain of the defendants were trustees at the time of execution of the Groenewoud will, and generally known as "The Old Peoples Home Trust"; on a petition filed by those trustees the Circuit Court on July 22, 1959 had entered a decree finding it impossible, impractical, and inexpedient for the petitioners to carry out the expressed intent of the Buck will, the beneficiaries of which were the older people of Kankakee County; the Stewards Foundation conformed as nearly as possible to Buck's wish for the formation of a corporation to carry out his general charitable intent, and that it was ordered by that 1959 decree that the assets of the Buck trust be transferred to that Foundation to be used by it to erect and maintain a retirement home, the individual trustees to thereupon make final report and be discharged; all the affairs of the former individual trustees had, before the death of Mrs. Groenewoud, on October 2, 1959, been completed and substantially all the assets actually assigned to that Foundation, and the former individual trustees discharged, and plans are under way for the construction by the Foundation of such home; the Groenewoud will shows a general charitable intent that one-half of her residuary estate be used to benefit old people in and about Kankakee by establishing a home in that county in accordance with the purposes outlined in the Buck will, "irrespective of the existence or nonexistence of a trustee under said (Buck) will" at the execution thereof or the death of the testatrix or any other time; and the defendant Foundation is a corporation with charter power to own and operate old peoples homes "which has heretofore been found by this Court to be a proper organization to administer a trust estate, such as that established by the Buck will"; the December 7, 1961 decree orders that the Groenewoud will shows a gen-

█

eral charitable intent to aid a class needing such assistance in accordance with the purposes of the Buck will, that the Foundation has charter power to operate old peoples homes, and it has been found to be a proper instrument for effecting the intent and purpose of the Buck will; the decree orders one half of the residue paid to Stewards Foundation to be used, with the Buck property, to establish and maintain an old peoples home in accordance with the decree of July 22, 1959 in Case No. 16327.

█ At the time of the execution of the will of the decedent, Jennie K. Groenewoud, July 18, 1956, the Probate Act provided, Section 43a, Ill Rev Stats, 1955, c 3, par 194a (Ill Rev Stats, 1961, c 3, par 43a) that:

> "194a. Sec 43a. TESTAMENTARY ADDITIONS TO TRUSTS.) By a will signed and attested as provided in this Act a testator may devise and bequeath real and personal estate to a trustee of a trust which is evidenced by a written instrument in existence when the will is made and which is identified in the will, even though the trust is subject to amendment, modification, revocation or termination. Unless the will provides otherwise the estate so devised and bequeathed shall be governed by the terms and provisions of the instrument creating the trust including any amendments or modifications in writing made at any time before or after the making of the will and before the death of the testator."

The same statute was in effect at the time of her decease, October 2, 1959, when her will became effective: Ill Rev Stats, 1959, c 3, par 194a. The Old Peoples Home Trust, of Kankakee, Illinois, was evidenced by a written instrument, namely the Azariah Buck will and codicil, in existence when the Jennie

154

K. Groenewoud will was made. That Trust and that written instrument are, under the circumstances, identified in the will of Jennie K. Groenewoud. Hence she, as the testator, might properly, and did, bequeath personal estate to the trustee, or trustees, of that Trust. Her will not providing otherwise, the estate she so bequeathed is to be governed by the terms and provisions of the instrument creating the trust, namely, the Azariah Buck will and codicil, including any amendments or modifications in writing made at any time before the death of the testator, Jennie K. Groenewoud.

■ ■ At and before the time of her decease, October 2, 1959, the earlier decree of July 22, 1959, had been entered in the Old Peoples Home Trust, Case No. 16327. We think that decree, considering it as a whole, operates, inter alia, and alternatively, to appoint Stewards Foundation as the successor trustee of that trust, of which the beneficiaries were the "old people" of Kankakee, Illinois, potential occupants of the proposed "old peoples home,"—worthy poor people, more particularly defined in the Buck will and codicil and in the administration of that trust in Case No. 16327. That was the condition of affairs as of the time of the decease, October 2, 1959, of Jennie K. Groenewoud, when her will became effective. Having made no interim change in her will, it must be assumed to have been her intention, under the circumstances, that this bequest go to such successor trustee.

■ ■ Under the General Not-For-Profit Corporation Act, Ill Rev Stats, 1961, c 32, par 163a, ff., a not-for-profit corporation may be organized for any one or more of the following or similar purposes,—charitable, benevolent, and eleemosynary, among others: par 163a 3. The purposes of Stewards Foundation appear to be within those authorized statutory purposes. Under that act such a corporation has power, inter

155

alia, to take by gift or bequest and to own, hold, use, and otherwise deal in and with any personal property, or any interest therein, and has all powers necessary or convenient to effect any or all of the purposes for which it is organized: par 163a 4. And under that act no act of the corporation and no conveyance or transfer of personal property to the corporation shall be invalid by reason of the fact the corporation was without capacity or power to do such act or to receive such conveyance or transfer, but such lack of capacity or power may be asserted only in certain proceedings set forth in the statute,—which do not encompass the present will construction suit as presently presented: par 163a 5. If a particular trust is within the general scope of the purposes of the organization of a not-for-profit corporation or relates to matters which will promote and aid the general purpose of such corporation, it may take and hold property in trust and may be compelled to execute such trust if it accepts the same: Hossack v. Ottawa Development Ass'n (1910) 244 Ill 274, 91 NE 439; Cf. Mason v. Bloomington Library Ass'n (1908) 237 Ill 442, 86 NE 1044. Analogously, a Village, a municipal corporation, may accept and hold property in trust for a public library: Cf. Village of Hinsdale v. Chicago City Missionary Society (1940) 375 Ill 220, 30 NE2d 657. The Old Peoples Home Trust, of Kankakee, Illinois, is within the general scope of the purposes of the organization of Stewards Foundation or relates to matters which will promote and aid the general purpose of such corporation, and hence we think it may take and hold the property concerned in trust and may be compelled to execute such trust if it accepts the same, which it has. Any alleged lack of capacity or power in it so to act or receive such conveyance or transfer may be asserted only in the proceedings and manner set forth in the statute. In fact it has been commented generally that one of

the principal and distinctive features of a charitable organization,—including a not-for-profit corporation organized for such purpose,—is that it derives its funds mainly from public and private charity and holds them in trust for the objects and purposes expressed in the instrument or charter creating the organization: People ex rel. etc. v. Southern Illinois Hospital Corp. (1949) 404 Ill 66, 88 NE2d 20.

■■■ The Trust Companies Act, Ill Rev Stats, 1961, c 32, par 287 ff., is entitled "An Act to provide for and regulate the administration of trusts by trust companies." Its first section indicates that its scope relates to "any corporation which has been or shall be incorporated under the general corporation laws of this State for the purpose of accepting and executing trusts, and any corporation now or hereafter authorized by law to accept or execute trusts," par 287. There follow provisions relating to foreign corporations and national banks and fiduciaries, courts and their powers to appoint such corporations as trustee, etc., their authority to receive property in trust in perpetuity for care of burial lots, their liability on investments etc., interest on deposits held by such, compensation, deposit of securities with the Department of Financial Institutions, certificates of authority from that Department, annual statements, annual examinations, dissolution, etc.: pars 287a–304. The Stewards Foundation, a not-for-profit corporation, is not a "trust company" engaged in the "administration of trusts" with the meaning and scope of the title of that Act. It is not incorporated "for the purpose of accepting and executing trusts," as that language is used in the Act. It is not "authorized by law to accept or execute trusts", as a general business, within the meaning of the Act. It is organized for charitable, benevolent, or eleemosynary purposes. Only as a necessary or convenient incident to and in furtherance of the effectuation of its particular objects

157

and purposes may it act here as a successor trustee in this particular trust. The Trust Companies Act, we believe, was intended to apply to commercial for profit trust companies which are engaged as a regular business in the general administration of trusts for profit. One of the objects and purposes of the Act is to afford trust creditors a measure of protection that is not afforded general creditors of a bank or trust company operating thereunder: In re Receivership of Nat. Bank of Ottawa (1934) 273 Ill App 545. That statute has no application here.

The plaintiffs have referred us to no Illinois cases at variance with our views as to the foregoing. Neither statute prohibits Stewards Foundation from acting here as successor trustee of this particular trust.

■ We think the earlier decree of July 22, 1959 in Case No. 16327 and the present decree of December 7, 1961 in this cause, also operate, alternatively, to order the transfer, delivery, and payment to Stewards Foundation of the respective properties involved, the Buck trust assets under the first decree, and the Groenewoud trust assets or one half of the residue under the latter decree, under and pursuant to the Cy Pres doctrine, and that such is proper, under the circumstances.

■ In carrying into execution a bequest to an individual or particular named legatee, the mode in which the legacy is to take effect is of the substance of the legacy; but when the bequest is to charity, generally, a court of chancery will consider charity as the substance, and if the particular mode pointed out fails it will provide another mode by which the charity may take effect; if the bequest be for charity, generally, it matters not how uncertain the persons or objects may be, or whether they are in esse or not, or whether the particular legatee be a corporation capable by law of taking or not, or whether the be-

quest can be carried into exact execution or not, because in all those and like cases a court of chancery will sustain the legacy and give it effect according to its own principles, and where a literal execution becomes inexpedient or impracticable the Court will execute it as nearly as it can according to the original purpose, or Cy Pres; the Court will act as the testator himself would have done in such instances, and that is the foundation of the doctrine of Cy Pres; an approximation to the intention of the testator, as near as possible, is all that is meant by this doctrine: Heuser v. Harris (1867) 42 Ill 425 (bequest to school district "for schooling the children," and bequest "to the support of the poor of Madison County"); Kemmerer v. Kemmerer (1908) 233 Ill 327, 84 NE 256 (devise and bequest "for an orphans' home . . . for the friendless poor of all denominations"); Mason v. Bloomington Library Ass'n (1908) 237 Ill 442, 86 NE 1044 (will creating a trust to establish for the benefit of the public an art studio or art gallery for the advancement of education in art). Where the clear intention of the donor is that a gift be devoted to a general charitable purpose and it cannot be administered in the exact way directed, the donor's purpose will not be allowed to fail but the exact directions of the donor as to management may be regarded as merely directory, and, if necessary to preserve the trust or gift and carry out the leading purpose of the donor, under the Cy Pres doctrine a court may apply it to a similar purpose by different means,— the doctrine only applies where there is a valid gift to charity generally and the exact directions of the donor cannot be carried into effect: Bruce v. Maxwell (1924) 311 Ill 479, 143 NE 82 (deed in trust "to go to build an old man's home"). The general charitable purpose of the donor is the substance of the gift, and the particular mode pointed out in the conveyance

for effectuating that purpose is a mere incident of the gift; where a literal execution of the charity becomes inexpedient or impracticable, and the settlor has manifested a general intention to devote the property to charitable purposes, the trust will not be permitted to fail, but the Court will execute it Cy Pres; the doctrine has been applied where the use in the original designated manner is no longer feasible, or when the funds have been found to be inadequate, or when additional facilities of a similar nature have become available, or where a literal execution would be wasteful, or where a different mode of execution would more completely fulfil the charitable purpose of the donor, or where the funds can be devoted to an existing enterprise of the same character: Village of Hinsdale v. Chicago City Missionary Society (1940) 375 Ill 220, 30 NE2d 657 (deed in trust to a Village for a public library building). And see: First Nat. Bank of Chicago v. Elliott (1950) 406 Ill 44, 92 NE2d 66 (trust for an orphans home).

 The language of the will of the decedent Jennie K. Groenewoud was:

> "To the Trustees of Old Peoples Home Trust, of Kankakee, Illinois, to be used in establishing an old peoples home in accordance with the purposes of said Trust."

That alone, and, in particular, the phrase "to be used in establishing an old peoples home," we believe evidences a general charitable intent and purpose on the part of the testator. She intended to aid a general class needing charitable assistance. Her bequest was to a cause, or for a purpose, or to aid and further a plan or scheme of public benefit,—"an old peoples home." The "old people" of Kankakee, potential residents of the home, are the ultimate beneficiaries of her charity. Considering the Azariah Buck will and

160

codicil in conjunction therewith, the estate she bequeathed being governed by the terms and provisions of that instrument creating the trust to which she made her bequest, her general charitable intent and purpose is made doubly clear.

The principal cases the plaintiffs refer to on this are: Quimby v. Quimby (1912) 175 Ill App 367, Chicago Daily News Fresh Air Fund v. Kerner (1940) 305 Ill App 237, 27 NE2d 310, and Volunteers of America v. Pierce (1915) 267 Ill 406, 108 NE 318, holding, in substance, that where gifts and devises are made to a specific entity,—a particular charitable organization,—and the entity named renounces or is incapable of taking, the gifts fail and revert to the donors or their representatives. None are applicable here. All were distinguished in First Nat. Bank of Chicago v. Elliott (1959) 406 Ill 44, 92 NE2d 66, where the Court said, p 61: "In each of the three cases relied upon, and cases of like import, there was a gift to a particular beneficiary or named taker, in contradistinction to a gift to aid a general class needing charitable assistance."

 Charity is the substance, therefore, of this bequest. If the particular mode pointed out by the testator, namely, a gift "To the Trustees of Old Peoples Home Trust, of Kankakee, Illinois," fails, or were to be considered as having failed, for some reason, or cannot be carried into exact execution, or a literal execution becomes inexpedient or impracticable, a court of chancery will provide another mode by which the charity may take effect, will sustain the bequest and give it effect according to its own principles, as nearly as it can according to the original purpose, or Cy Pres. An approximation to the intention of the testator, as near as possible, will be achieved. The exact directions of the testator as to management, —"To the Trustees of Old Peoples Home Trust, of

Kankakee, Illinois,"—may be regarded as an incident or directory, and if necessary to preserve the trust or gift and carry out her leading purpose the court may, Cy Pres, apply it to a similar purpose by different means. Directing the transfer, delivery, and payment to Stewards Foundation of this bequest appears to be a suitable exercise and application of the Cy Pres doctrine, under the circumstances, if the testator's particular, literal mode of bequest fails, or is considered as having failed, or cannot be carried into exact execution, or is inexpedient, or impracticable.

We conclude that the defendant Stewards Foundation was in fact appointed successor trustee of the Old Peoples Home Trust in the earlier Decree of July 22, 1959, it was not disqualified from so acting, it may so act, and was so intended under the present decedent's will, and, in any event, if there were some failure as to mode of the decedent's bequest, the facts and circumstances called for an application of and the Court properly applied the Cy Pres doctrine, and the defendant Stewards Foundation is, under the circumstances, a proper instrumentality to effectuate the charitable substance of the decedent's intentions in regard to this bequest.

The decree will, therefore, be affirmed.

Affirmed.

WRIGHT, PJ and SPIVEY, J, concur.