Miquel Acosta, Plaintiff-Appellant, v. Donald Gill, Defendant-Appellee.

Gen. No. 11,798.

Second District.

May 19, 1964.

Joseph B. Gilbert, of Chicago, for appellant.

Edgar J. Elliott, of Wheaton, for appellee.

CULBERTSON, P. J.

This is an appeal from a judgment of the Circuit Court of DuPage County on a verdict of a jury finding the defendant, Donald Gill, not guilty on the com-

plaint of plaintiff. The jury, likewise, found the plaintiff not guilty on the counter-claim of defendant, but no post trial motion was filed as to such verdict nor was there an appeal from such judgment.

The action resulted from an automobile collision on Route 59 in West Chicago, Illinois. Both plaintiff and defendant were driving alone at the time of the collision, which occurred at approximately 1:30 a. m. Defendant was approaching on the highway from the north and plaintiff from the south. While the evidence is conflicting it was the testimony of plaintiff that he had slowed down to about 30 miles per hour, driving north on his own side of the road when he first saw the strong lights of the approaching car of the defendant at a distance of from 200 to 250 meters. He stated that the defendant was driving on the wrong side of the road when he was about 75 yards away and that he tried to escape by veering to the center, moving to the left but never crossing the center line. He then tried to apply his brakes but could not avoid the collision. Plaintiff lost consciousness upon the impact and was thrown from the car. Defendant testified that he first picked up the plaintiff's car in his bright lights at 250 yards, that everything seemed normal to defendant and there was no reason to do anything; that he next noticed that plaintiff was swerving to the right, but it was ever so slight and there was no occasion to do anything about it. Then defendant stated, he heard a squeal and plaintiff's car skidded across the road into defendant's lane, sideways. The impact was so immediate that all defendant had time to do was to take his foot off the gas pedal before the collision. Plaintiff was thrown out of his car and was lying in the middle of the road.

This case was tried twice. On the first trial, which resulted in a jury verdict in favor of plaintiff of $30,-000, upon which a judgment was entered, such verdict was set aside as void on an allegation of defendant's

minority and defendant was granted a new trial. The second trial, from which this appeal results, resulted in a verdict finding the defendant not guilty upon plaintiff's complaint, and finding the plaintiff not guilty upon the counterclaim which defendant had filed just before the second trial. On appeal in this court the plaintiff contends that the interposition of the counterclaim by defendant resulted in confusing the court and the jury by raising issues which did not in fact exist nor were advanced by defendant upon the trial, but were nevertheless made the basis for instructions to the jury upon which there was no evidentiary basis. Secondly, it is contended that the verdict of the jury finding defendant not guilty was contrary to the manifest weight of the evidence.

On the first issue the basic contention is that the court erred in instructing the jury, at the request of the defendant, outlining specifically that the defendant claims he was injured and sustained damage while exercising ordinary care, and that plaintiff was negligent in one or more of the following respects: (1) the manner in which he operated his automobile in view of the conditions then prevailing; (2) failing to keep a proper lookout for persons and vehicles traveling on the highway; (3) in driving on the wrong side of the road around a curve and just before colliding with defendant's vehicle; and (4) in driving at a speed that was greater than was reasonable and proper having regard to the traffic conditions and the use of the highway. Such instruction recited that defendant claims one or more of the foregoing was the proximate cause of his injuries, but also expressly recited that plaintiff denied he was guilty of negligence in doing any of the things claimed by the defendant and denies that defendant was in the exercise of ordinary care, and also denies that defendant was injured or sustained damages to the extent claimed. The only basic objection made to such instruction by

188

plaintiff was that there was no proof of certain of the allegations of the complaint. The record however shows that if the jury believed the testimony of the defendant, as well as another witness, there was evidence to support the propositions set forth in the instruction. The instruction, in the form in which it was given, was not misleading. The precedent cited by plaintiff as a basis for reversal, Fraider v. Hannah, 338 Ill App 440, 87 NE2d 795, does not support the contention made by plaintiff, since the recitals contained in such instruction, which paraphrase the counterclaim did not, in light of the record, operate to mislead the jury so as to justify reversal.

██ Another objection to instructions arises from the circumstance that one of the instructions which was tendered by plaintiff was modified by the court prior to being read to the jury. This instruction referred to two statutes which plaintiff claimed were violated by the defendant in the complaint, which said statutes were also contended by defendant in his counterclaim to have been violated by the plaintiff: namely, (first) to the effect that a vehicle should be driven upon the right half of the roadway; and (secondly) the other referring to limitations as to speed. The concluding paragraph of the instruction as tendered by plaintiff recited, "If you decide that the defendant violated both or either of such statutes on the occasion in question, then you may consider that fact together with all other facts and circumstances in evidence in determining whether or not he was negligent before or at the time of the occurrence." The trial court changed the words, "the defendant," to, "a party," so that the instruction began, "If you decide that a party violated both or either of said statutes," and continued in the form as tendered. In view of the fact that both parties contended that there was a violation of these statutes it was not error to make such correction.

189

■ A final contention is made that the verdict of the jury was against the manifest weight of the evidence. While we are conscious of the obligation of Courts of Appeal to set aside verdicts which are clearly against the manifest weight of the evidence, we do not believe that the present case justifies reversal upon such ground. Defendant testified that he remained on the right-hand side of the road at all times. Plaintiff testified that he remained on the right-hand side of the road at all times. Neither witness was impeached nor was either witness corroborated. The jury could have concluded that neither party discharged the burden of proving his case by a preponderance of the evidence. While defendant by his own testimony established that he was traveling at a high rate of speed, there was nothing in the record to show that such speed could have been the proximate cause of the accident if, in fact, each automobile remained on its side of the road. The physical damage to the automobiles was of such character that if plaintiff's car had skidded just prior to the accident it may very well have skidded so far as to turn around. There was no state of facts which was so clearly established as to make the conclusion of the jury inconsistent with the evidence.

On the record before us we must conclude that the evidence before the jury was at least contradictory and consequently we do not believe that a reversal on the basis that the verdict of the jury was contrary to the manifest weight of the evidence would be justified by the record.

The judgment of the Circuit Court of DuPage County will, therefore, be affirmed.

Affirmed.

SCHEINEMAN and ROETH, JJ., concur.