William D. Brewer, Plaintiff-Appellant, v. Jimmie Brown, Individually and as Agent of Toledo Scale Co., and Toledo Scale Co., Defendants-Appellees.

**Gen. No. 54,159.**

First District, First Division.

May 25, 1970.

Harold H. Margules, of Chicago (Charles T. Booher, Jr., of counsel), for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith and John G. Langhenry, Jr., of counsel), for appellees.

MR. JUSTICE MURPHY delivered the opinion of the court.

This is a personal injury action in which the jury returned a verdict in favor of defendants and judgment was entered thereon. Plaintiff appeals from an order which denied his motion for a new trial. On appeal the sole issue presented is whether the jury was properly instructed. The record does not contain a transcript of any of the evidence that was presented in the trial court or of the conference on instructions.

The abstract of record filed by plaintiff includes two of defendants' instructions, Nos. 6 and 7, which plaintiff contends should not have been given. These instructions dealt with the violation of the speed statute and the statute requiring the use of a horn and provided in their last paragraphs:

> "If you decide that the plaintiff violated the statute on the occasion in question, then you may consider that fact together with all the other facts and circumstances in evidence in determining whether or not the plaintiff was contributorily negligent before and at the time of the occurrence. IPI No. 60.01."

Plaintiff asserts that "defendants' instructions on violation of statute were improperly given since they were written so as to apply only to plaintiff, and as such were partial to defendants, and since there is a pattern in-

70

struction on violation of such statute which is free from argument and does not single out one party." Plaintiff notes that under instruction No. 6 the burden of having a motor vehicle equipped with a proper horn and to use that horn under proper conditions was placed only on plaintiff and not upon defendants. Also, in defendants' instruction No. 7, the burden of using reasonable speed was solely placed upon plaintiff. Authorities cited are Acosta v. Gill, 48 Ill App2d 186, 198 NE2d 741 (1964), and Macak v. Continental Baking Co., 92 Ill App2d 63, 235 NE2d 855 (1968). The opinions in both of these cases indicate that the record included the trial evidence.

In Macak v. Continental Baking Co., an intersection collision was also involved. The court instructed the jury as to the speed statute as follows:

> "If you find from a preponderance of evidence that the plaintiff violated said statute and that she was negligent in so doing and that such negligence, if any, on the part of the plaintiff proximately caused the occurrence in question, then you may find in favor of the defendants."

The Appellate Court stated (p 67) :

> "Pattern jury instructions were devised to induce the use of instructions impartially prepared and free of argumentative language. Supreme Court Rule 25.1(a) requires the use of IPI instructions by both sides whenever the court determines that the jury should be instructed on the issue in question and an IPI instruction is applicable. . . . In the instant case the court determined that an instruction on violation of the statute was appropriate. IPI No. 60.01 gives an instruction on violation of the statute which is free from argument and which does not single out one party. Defendant's Instruction No. 3 is written so as to apply only to the plaintiff and as such is

71

partial to the defendant. The trial court should have given IPI No. 60.01 rather than the slanted, partial instruction which it gave. In a case of close liability, as this one is, it was reversible error to give this improper instruction. Accordingly, the cause must be remanded for new trial."

Plaintiff further argues that Supreme Court Rule 239 was violated. That Rule provides:

"(a) Use of IPI Instructions; Requirements of Other Instructions. Whenever Illinois Pattern Jury Instructions (IPI) contains an instruction applicable in a civil case, giving due consideration to the facts and the prevailing law, and the court determines that the jury should be instructed on the subject, the IPI instruction shall be used, unless the court determines that it does not accurately state the law. Whenever IPI does not contain an instruction on a subject on which the court determines that the jury should be instructed, the instruction given in that subject should be simple, brief, impartial, and free from argument."

Plaintiff notes that defendants had modified IPI instruction No. 60.01 by deleting the words "a party" or "the parties" and inserting the words "the plaintiff." Plaintiff further asserts that "to allow any verdict to stand where substantial changes have been made in an instruction, without bothering to properly cite the changes or inform the court or opposing counsel of the modifications would destroy the work of the Illinois Supreme Court Committee on Jury Instructions. The fact that no objection was made is not material to the real issue on this appeal. Do judges and attorneys have the right to expect honesty and fair dealings in the tendering of instructions? May we look to a citation at the bottom of the instruction and accept it as being correct? Must we

go over each and every instruction word for word, comma by comma, and period by period to make sure that there are no material changes in an instruction from what it is purported to be? I think not."

Defendants contend that plaintiff "has failed to sustain his burden of proving that defendants' instructions 6 and 7 were both improper and prejudicial." They assert that plaintiff has not filed an adequate record so as to allow this court to determine whether the giving of the instructions was error. They note that while plaintiff contends that these instructions should have applied to defendants as well as plaintiff, the record does not contain any evidence that these instructions apply to both parties, and it is improper to give instructions which are not supported by the evidence. Authorities cited are Crutchfield v. Meyer, 414 Ill 210, 111 NE2d 142 (1953), and Shore v. Turman, 63 Ill App2d 315, 210 NE2d 232 (1965), where the court stated (p 321):

> "We cannot quarrel with the proposition that a party has a right to have the jury instructed on his theory of recovery or defense. Equally entrenched in our law is the proposition that the lifeblood of a legal theory is facts and if there are no facts supporting the theory, it is error to instruct on that theory. . . . To inject into a case by way of instructions an issue not fairly presented by the pleading and the evidence in the case is reversible error."

Defendants also maintain that where the complaining party has not been prejudiced by errors in the giving and refusing of instructions, the errors are not reversible. Authorities cited include Grosh v. Acom, 325 Ill 474, 156 NE 485 (1927), where it is said (p 494):

> "Whether or not errors in a record in the matter of giving instructions or otherwise are reversible errors must necessarily depend upon the character and

73

amount of proof in the record tending to support the finding and judgment of the court and the amount and character of the evidence contra."

Defendants further contend that plaintiff's argument that he did not object to the giving of defendants' instructions Nos. 6 and 7 because they were not designated as modifications of IPI instructions has no merit, and that Supreme Court Rule 239 was not violated. They assert that the instructions were not modifications of IPI instructions and note that the pattern instruction allows for the designation of one party to the exclusion of the other.

██ After examining the record before us and the briefs of the parties, we conclude that the propriety of giving defendants' instructions depended on the evidence given to the jury. As this record contains no transcript of any of the evidence, this court "will presume 'that the court ruled or acted correctly. . . . Any doubt arising from the incompleteness of the record will be resolved against the appellant.' " People v. Zimmerman, 57 Ill App2d 190, 192, 206 NE2d 741 (1965).

██ Following that rule, we must affirm the order of the trial court because it is not apparent from the instant incomplete record that the giving of defendants' instructions Nos. 6 and 7 constituted prejudicial error or that . Supreme Court Rule 239 was violated.

For the reasons given, the order of the trial court is affirmed.

Affirmed.

BURMAN, P. J. and ADESKO, J., concur.