MEYER SILVERSTEIN *et al.*, d/b/a CROWN COIN METER SYSTEM, Plaintiff-Appellee, *v.* MARTIN G. GRELLNER, JR., Defendant-Appellant.

(No. 58371; ▉▉▉▉▉▉▉▉▉▉)

First District (4th Division)—October 31, 1973.

H. P. Cummings, of Chicago, for appellant.

Sherman, Schachtman and Stein, of Chicago, for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

This is an appeal from the Circuit Court of Cook County, from a jury verdict in favor of plaintiff in an action for breach of contract. Defendant, Martin B. Grellner, Jr., appeals, contending that:

(1) The trial judge erred in dismissing the "Proposed Report of

Proceedings", filed in accordance with Supreme Court Rule 323(c);

(2) The jury verdict of $1,400 was improper as it was based on guess, speculation and confusion; and

(3) Certain instructions given to the jury were improper.

The facts in the instant case are not clear since no report of proceedings is included in the record, nor has the appellant included a statement of facts in his brief submitted to this court. Appellant states that no court reporter was present at the trial and therefore no verbatim transcript of the proceedings is available. A proposed report of proceedings was filed by appellant with the trial court but it was dismissed by the trial judge on motion of the appellee. Appellee's brief confirms the proposed report of proceedings was in fact filed by appellant but states that it was dismissed on appellee's motion by the trial judge since it was a misstatement of the facts in the case and was presented to the trial court, "long after the period allowed by Illinois Supreme Court Rule 323(c) * * *".

■■ Taking appellant's contention that the jury verdict was improper first, we note that the basis of this claim is that plaintiff's answer to interrogatories show a total income over a five year period which would be much less than the amount of the jury verdict. While a photocopy of an answer to an interrogatory does appear in the "Excerpts from Record" submitted by appellant and a copy is also attached to his reply brief, the record on appeal does not contain any interrogatory or answer and none is listed in the praecipe. This interrogatory and answer are not then properly before this court and will not be considered upon review. (*Brantley v. Delnor Hospital, Inc.*, 120 Ill.App.2d 185, 256 N.E.2d 369.) Further, in the absence of a report of proceedings or agreed statement of facts, it is presumed upon review that the evidence supported the trial court's decision (*Perez v. Janota*, 107 Ill.App.2d 90, 246 N.E.2d 42), and we therefore find that appellant has presented no basis upon which this court can overturn the jury verdict.

■■ Appellant next contends that certain jury instructions were improper. It is argued that the instruction relating to prior inconsistent statements of a witness was improper since no impeachment testimony was offered by plaintiff at trial. The instruction as to the standard of performance is also alleged to have been given in error by the trial court as no evidence relating to the standard of performance or of custom and usage was introduced at trial. The propriety of these instructions can only be determined by an examination of the evidence heard by the jury. Where such examination is necessary and the record on appeal does not include a transcript of the evidence and testimony at trial, a reviewing court must then presume that the trial court was correct in

giving the instructions in question to the jury. (*Brewer v. Brown,* 126 Ill.App.2d 69, 261 N.E.2d 483.) The record on appeal in the instant case contains certain instructions and appellant's post-trial motion objecting to several of the instructions, but nothing in the record indicates what instructions were submitted by which party, whether an objection was raised at trial to the instructions and if so by which party, or even which instructions were actually given to the jury. Considering the record before this court then, we can find no merit in appellant's argument regarding these jury instructions.

Appellant claims that he followed Supreme Court Rule 323(c). (Ill. Rev. Stat. 1969, ch. 110A, par. 323(c).) He argues that he should not be "penalized" for the inadequate record on appeal since the trial judge abused his discretion in dismissing the proposed report of proceedings. Supreme Court Rule 323(c) provides as follows:

> "(c) Procedure If No Verbatim Transcript Is Available. If no verbatim transcript of the evidence of proceedings is obtainable the appellant may prepare a proposed report of proceedings from the best available sources, including recollection. It shall be served within 14 days after the notice of appeal is filed. Within 28 days after the notice of appeal is filed, any other party may serve proposed amendments or his proposed report of proceedings. Within 7 days thereafter, the appellant, shall, upon notice present the proposed report or reports and any proposed amendments to the trial court for settlement and approval. The court, holding hearings if necessary, shall promptly settle, certify, and order filed an accurate report of proceedings. Absent stipulation, only the report of proceedings so certified shall be included in the record on appeal."

Appellant contends that this rule does not allow a trial judge to dismiss a proposed report of proceedings, but instead requires that he settle and certify a proposed report of proceedings.

Supreme Court Rule 323(c) provides that the court shall order that an "accurate" report of proceedings be filed. Where the proposed report of proceedings does not accurately reflect what occurred before the court during the trial of the case, the trial judge may refuse to certify such a report. (*Feldman v. Munzio,* 16 Ill.App.2d 58, 147 N.E.2d 427; *Kelly v. Guild,* 42 Ill.2d 143, 191 N.E.2d 377.) Appellant has cited no authority for his interpretation of Supreme Court Rule 323(c), nor can this court find authority to support his contention.

■■ The record before this court is replete with omissions that make proper review of this case difficult. Appellant has included neither the order of the trial judge dismissing the proposed report of proceedings or

any motion or argument presented concerning this report. There is no support then for his assertion that he in fact complied with Supreme Court Rule 323(c) except for the statement that he did so in the reply brief. If the proposed report that was submitted to the trial judge represented a bona fide effort by appellant to render an accurate, literal account of what took place, the proper action for appellant upon a refusal to certify the proposed report would have been to seek a writ of mandamus to have the trial judge certify the report in question. This procedure has long been followed in the Illinois courts. (*People ex rel. Munson v. Gary,* 105 Ill. 264.) Appellant has not chosen to do this and therefore we may only consider the record presented to this court for review and not the unsupported contentions of appellant.

For the foregoing reasons, the judgment and verdict of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

DIERINGER and JOHNSON, JJ., concur.