2020 IL App (1st) 191222-U

THIRD DIVISION
April 15, 2020

No. 1-19-1222

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| TITAN BUILDERS, INC., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| CAMELLIO LINCOLN, and UNKNOWN OWNERS NON RECORD CLAIMANTS, | ) | |
| | ) | |
| | ) | No. 16 CH 005923 |
| Defendants, | ) | |
| | ) | |
| (Camellio Lincoln, | ) | Honorable |
| | ) | Patricia S. Spratt, |
| Defendant-Appellant). | ) | Judge Presiding. |

_____

JUSTICE McBRIDE delivered the judgment of the court.
Presiding Justice Ellis and Justice Howse concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Appeal dismissed as moot because this court is unable to grant any effectual relief because defendant's right to appeal merits of adverse judgment have lapsed rendering any ruling on a motion to certify a bystander's report moot.

¶ 2    Defendant, Camellio Lincoln, appeals *pro se* from the trial court's denial of his motions

to certify a bystander's report and to reconsider the denial to certify a bystander's report. This

case initially arose from plaintiff Titan Builder's action to foreclose a mechanic's lien, breach of contract, and quantum meruit against defendant. Following a bench trial, the court entered judgment in favor of plaintiff and awarded compensatory damages. A court reporter was not present for the trial. On appeal, defendant argues that the trial court committed reversible error in denying his motion to certify a bystander's report of the trial which he prepared.

¶ 3    The procedural history of this appeal requires a brief explanation. No issues arising from the judgment entered at the bench trial are before us in this appeal. Plaintiff filed its three-count complaint in April 2016. The cause of action arose out a contract for plaintiff to perform construction improvements on a property owned by defendant. Plaintiff completed the improvements, but defendant failed to pay for the work performed. On October 26, 2018, following trial, judgment was entered for plaintiff with an award of compensatory damages in the amount of $24,120.

¶ 4    Defendant, appearing *pro se*, filed a notice of appeal of the trial judgment on November 13, 2018. Defendant filed numerous extensions of time to file the record on appeal and his opening brief. On May 9, 2019, the appellate court granted defendant a final extension of time to file a bystander's report by May 30, 2019. Defendant did not comply with this extension and again requested additional extensions of time to file both the record and his brief. Defendant also filed a motion to proceed on appeal without a bystander's report, which was denied. Following defendant's failure to comply with the granted extensions of time, this appeal was subsequently dismissed on June 17, 2019. Defendant filed a motion to reconsider, which the appellate court denied. The mandate issued on August 8, 2019.

¶ 5    While the initial appeal was pending in this court, defendant moved in April 2019 to certify a bystander's report in the trial court. On May 12, 2019, the trial court conducted a

hearing on defendant's motion. At the hearing, the trial court found that the bystander's report prepared by defendant was "not accurate" and observed that the submitted report was "prepared to blunt some of the comments I made about you and about your evidence." The court further stated, "It would be a fraud on the Appellate Court if I allowed it to be filed up there, and I'm not going to participate in that." The court indicated that it believed defendant or someone associated with him recorded the trial based on the level of specificity to some of the questions and answers included which the court observed was "impossible to produce without a recording." However, the court noted that the proposed bystander's report excluded testimony and findings against defendant. The court stated, "I took copious notes, very copious notes, and I could not produce this line by line question by answer transcript." The court then denied defendant's motion to certify a bystander's report.

¶ 6    On May 8, 2019, defendant filed an emergency motion for reconsideration to certify a bystander's report. In his motion, defendant asserted that at the hearing to certify a bystander's report, both the trial court and plaintiff's counsel stated on the record that the bystander's report was accurate. Defendant contended that the trial court's assertion that defendant recorded the trial were "baseless and without either evidentiary support or foundation." Defendant submitted an *ex parte* affidavit from Kathryn Welch to the trial court in which she stated that defendant "dictated the experience to me in-person from memory" and that defendant did not use a recording device during the preparation of the bystander's report with Welch.

¶ 7    On May 16, 2019, the trial court conducted a hearing on defendant's motion to reconsider and reiterated that it had found defendant not credible at trial and this credibility finding was absent in defendant's proposed bystander's report. The court observed, "What you did was tailor, whatever the source was for your Bystander's Report, you tailored it so that it made you look a

lot better and you probably could have gotten a reversal." The trial court then denied defendant's motion to reconsider the denial of a bystander's report.

¶ 8    On June 14, 2019, defendant filed a notice of appeal, listing May 16, 2019 as the date of judgment appealed. This appeal followed in compliance with Illinois Supreme Court Rule 303 (eff. Jan. 1, 2015) with a timely notice of appeal. Accordingly, this court has jurisdiction of this appeal under Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994).

¶ 9    On appeal, defendant argues that this court should reverse the trial court's denial of his motion to certify a bystander's report. However, at the outset, we must first address what relief could be granted to defendant if this court were to find in his favor. Defendant's initial appeal of the trial judgment entered against him was dismissed in June 2019 and the mandate has issued. He no longer has the ability to seek an appeal of that judgment.

¶ 10   "A case must remain a legal controversy from the time it is filed in the appellate court until the moment of disposition." *Maday v. Township High School District 211*, 2018 IL App (1st) 180294, ¶ 45. "An appeal is moot when it involves no actual controversy or the reviewing court cannot grant the complaining party effectual relief." *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 522-23 (2001). "Courts of review will generally not consider moot or abstract questions because our jurisdiction is restricted to cases which present an actual controversy." *Id*. at 523. The Illinois Supreme Court has held that "a reviewing court must dismiss a pending appeal where the court has notice of facts which make it impossible to grant effective relief to either party." *GlidePath Development, LLC v. Illinois Commerce Commission*, 2019 IL App (1st) 180893, ¶ 27 (citing *Edwardsville School Service Personnel Association, IEA-NEA v. Illinois Educational Labor Relations Board*, 235 Ill. App. 3d 954, 958 (1992)). "It is well established that a case may become moot when, pending the decision on appeal, events occur which render it

4

impossible for the reviewing court to grant effectual relief." *Maday*, 2018 IL App (1st) 180294, ¶ 46. "When a decision on the merits would not result in appropriate relief, such a decision will essentially be an advisory opinion." *Id*. "The question of whether a case should be dismissed as moot is one of law and our review is *de novo*." *Id*. ¶ 44.

¶ 11      In this case, the only issue before us is whether the trial court erred in denying defendant's motion to certify a bystander's report. Even if we concluded that the trial court erred, which we do not find, defendant would not be able to obtain any relief. Defendant asks us to certify the bystander's report or to order the trial court to do so. Beyond that relief, defendant would be without recourse. Defendant can no longer seek an appeal of the trial judgment since his initial appeal of that judgment was dismissed. "Illinois Supreme Court Rule 367 (eff. Feb. 1, 1994) provides that an appellate court loses jurisdiction of an appeal if no petition for rehearing is filed within 21 days after judgment ***." *Jones v. State Farm Mutual Automobile Insurance Co.*, 2018 IL App (1st) 170710, ¶ 27 (citing *People v. Lyles*, 217 Ill. 2d 210, 216-17 (2005)); see also *Woodson v. Chicago Board of Education*, 154 Ill. 2d 391, 397 (1993) (where a petition for rehearing was not filed within 21 days, "the dismissal order became final and the appellate court lost jurisdiction to consider additional arguments.") "The appellate court may not excuse noncompliance with Supreme Court Rule 367, but the supreme court reserves the supervisory authority to do so where appropriate." *Id*.

¶ 12      Moreover, the time frame to file a notice of appeal from that judgment has long since lapsed. Supreme Court Rule 303(a)(1) provides an appeal from a final judgment within 30 days of its entry. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). "[T]he appellate court does not have the authority to excuse the filing requirements of the supreme court rules governing appeals." *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 217-18 (2009). We are unable

to revive any challenge to the monetary judgment entered against defendant and defendant is foreclosed from any appeal. Thus, we are unable to grant any effectual relief and the appeal is moot.

¶ 13    We further point out that a party may only challenge the circuit court's refusal to certify a proposed bystander's report by an action in *mandamus*. *Silverstein v. Grellner*, 15 Ill. App. 3d 695, 698 (1973). See also *Urmoneit v. Purves*, 33 Ill. App. 3d 939, 942 (1975) ("[T]he remedy for failure to certify the report of proceedings would have been *mandamus*."); *W.E. Mundy Landscaping & Garden Center, Inc. v. Hish*, 187 Ill. App. 3d 164, 167–68 (1989) (Nash, J., specially concurring) ("Defendant's remedy when the trial court declined to settle and certify a report of proceedings was in *mandamus*.") Here, defendant filed a petition for *mandamus* before this court, but this court does not have original jurisdiction to consider an action for *mandamus*.

¶ 14    Under the Illinois Constitution, the supreme court has discretionary original jurisdiction to hear *mandamus* cases. *People ex rel. Glasgow v. Carlson*, 2016 IL 120544, ¶ 15; see also Ill. Const. 1970, art. VI, § 4(a)). "The extraordinary remedy of *mandamus* compels a public official to perform a purely ministerial duty that does not involve an exercise of discretion." *People ex rel. Berlin v. Bakalis*, 2018 IL 122435, ¶ 16. The supreme court awards "*mandamus* relief 'only when "the petitioner establishes a clear right to the relief requested, a clear duty of the public official to act, and clear authority in the public official to comply." ' " *Id*. (quoting *Carlson*, 2016 IL 120544, ¶ 15, quoting *People ex rel. Alvarez v. Skryd*, 241 Ill. 2d 34, 39 (2011)). In this case, defendant did file a petition for a writ of *mandamus* in the Illinois Supreme Court, but the petition was denied on August 21, 2019. See *Lincoln v. Spratt*, No. 125154.

¶ 15    Based on the foregoing reasons, we dismiss this appeal as moot.

¶ 16    Appeal dismissed.